Craig J. Mariam  (SBN:  225280)
cmariam@grsm.com
Hazel Mae B. Pangan  (SBN:  272657)
hpangan@grsm.com
Elena A. Kuzminova ( SBN:  303838)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>KOCHAVA, INC.,<br><br>          Defendant. | CASE NO.  22-cv-01327-BAS-AHG<br><br>Honorable Cynthia A. Bashant<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND RULE 12(B)(1)** |

TO THIS HONORABLE COURT:

Kochava Inc. ( "Kochava") hereby respectfully submits its brief in support of its Motion to Dismiss the First Amended Complaint of Plaintiff David Greenley ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(b)(1).

---

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................1

II.   BACKGROUND AND PLAINTIFF'S ALLEGATIONS ........................5

    A.    Kochava's Complaint against the FTC ............................................5

    B.    Plaintiff's Allegations About Kochava's Business ..........................6

    C.    Plaintiff's Claims .............................................................................7

    D.    Plaintiff's and the Alleged Class Members' Consent to Data
        Collection and Kochava's Privacy Block Feature ...........................9

III.  LEGAL STANDARD ..........................................................................10

IV.   LEGAL ARGUMENT .........................................................................10

    A.    Plaintiff Lacks Article III Standing .............................................10

        1.    Plaintiff cannot establish that he suffered an injury in fact ......10

        2.    Plaintiff cannot show a causal connection...............................14

        3.    Plaintiff cannot establish redressability as to injunctive
            relief ........................................................................................14

    B.    Plaintiff Cannot State a Claim for Invasion of Privacy ..................15

    C.    Plaintiff Cannot State a CDAFA Claim...........................................17

    D.    Plaintiff Cannot State a Claim under CIPA .....................................19

        1.    Plaintiff cannot establish facts to support a CIPA claim
            under Section 631 ...................................................................19

        2.    Plaintiff cannot establish facts to support a CIPA claim
            under Section 632 ...................................................................21

        3.    Plaintiff cannot show facts to support a CIPA claim
            under Section 638.51 ..............................................................22

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS**

E.      Plaintiff Cannot State a UCL Claim ...................................................23

F.      Plaintiff's Unjust Enrichment Claim Fails As a Matter of Law .........25

V.      CONCLUSION ..............................................................................................26

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................1, 10

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) ..........................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................1, 10, 19, 20, 21

*Catsouras v. Dep't of Cal. Highway Patrol*,
181 Cal. App. 4th 856 (2010) ........................................15

*Citizens for Better Forestry v. U.S. Dept. of Agric.*,
341 F.3d 961 (9th Cir. 2003) ..........................................14

*Coal for a Sustainable Delta v. John McCamman*,
725 F. Supp. 2d 1162 (E.D. Cal. 2010) ..........................14

*Custom Packaging Supply, Inc. v. Phillips*,
2015 WL 8334793 (C.D. Cal. Dec. 7, 2015) ..................19

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012) ........................................24

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 3:16-cv-00014-GPC-BLM,
2016 U.S. Dist. LEXIS 152838 (S.D. Cal. Nov. 3, 2016)............3, 15

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 ..................................................25

*Dutta v. State Farm Mutual Auto. Ins. Co.*,
895 F.3d 1166 (9th Cir. 2018) ........................................11

*Edwards v. First American Corp.*,
610 F.3d 514 (9th Cir. 2010) ..........................................12

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Enki Corp. v. Freedman*,
2014 WL 261798 (N.D. Cal. Jan. 23, 2014).......................................................19

*Facebook, Inc. v. Power Ventures, Inc.*,
2010 WL 3291750 (N.D. Cal. July 20, 2010) ..............................................19, 25

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ................................................................................4, 21

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000)......................................................................................2, 10

*Gaos v. Google Inc.*,
2012 WL 1094646 (N.D. Cal. Mar. 29, 2012) ..................................................13

*Gladstone, Realtors v. Village of Bellwood*,
441 U.S. 91 (1979).............................................................................................11

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) .......................................................................................16

*Hill v. National Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ........................................................................12, 15, 16, 25

*In re Facebook Internet Tracking Litig.*,
140 F. Supp. 3d 922 (N.D. Cal. 2015) ...............................................................13

*In re Google, Inc. Privacy Policy Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014).............................................................17, 22

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012)............................3, 13, 15, 16, 17, 18, 20

*In re Nickelodeon Consumer Privacy Litig.*,
No. CIV.A. 12-07829, 2014 WL 3012873 (D.N.J. July 2, 2014) ......................20

*In re Vizio, Inc. Consumer Privacy Litig.*,
238 F.Supp.3d 1204 (C.D. Cal. 2017) ...............................................................20

*In re Zappos.com, Inc.*,
108 F. Supp. 3d 949 (D. Nev. June 1, 2015) .....................................................13

*In re Zynga Privacy Litigation*,
750 F.3d 1098 (9th Cir. 2014) .........................................................4, 20, 21, 23

-iv-

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*Kochava, Inc. v. Federal Trade Commission*,
  2:22-cv-00349-BLW (Dist. Idaho), Docket No. 1 ...............................5

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ...............................................................4, 24

*LaCourt v. Specific Media, Inc.*,
  No. SACV 10-1256 GW JCGX,
  2011 U.S. Dist. LEXIS 50543 (C.D. Cal. Apr. 28, 2011) ..................13

*Levine v. Blue Shield of Calif.*,
  189 Cal. App. 4th 1117 (2010) ...........................................5, 11, 25

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003) ................................................3, 10

*Lopez v. Apple, Inc.*,
  519 F. Supp. 3d 672 (N.D. Cal. 2021) ..........................................17

*Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ...................................................................15

*Low v. LinkedIn Corp.*,
  900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..................................13, 17

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ..............................................................11, 14

*McKell v. Wash. Mut., Inc.*,
  142 Cal. App. 4th 1457 (2006) ...................................................24

*People v. Suite*,
  101 Cal. App. 3d 680 (1980) ......................................................20

*Peterson v. Cellco P'ship*,
  164 Cal. App. 4th 1583 (2008) ...................................................24

*Raines v. Byrd*,
  521 U.S. 811 (1997)..................................................................11

*Rojas-Lozano v. Google, Inc.*,
  159 F. Supp. 3d 1101 (N.D. Cal. 2016) ........................................24

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*Rubio v. Cap. One Bank*,
  613 F.3d 1195 (9th Cir. 2010) ...............................................................................24

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008) ...................................................................17

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*,
  72 Cal. App. 4th 861 (1999) ....................................................................................25

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976)...................................................................................3, 14, 15

*Smith v. Maryland*,
  442 U.S. 735 (1979) .................................................................................................23

*Spokeo v. Robins*,
  578 U.S. 330 (2016)............................................................................................10, 11

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998).............................................................................................10, 15

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ................................................................................................11

*Sunbelt Rentals, Inc. v. Victor*,
  43 F.Supp.3d 1026 (N.D. Cal. 2017) .......................................................................20

*Taus v. Loftus*,
  40 Cal. 4th 683 (2007) ............................................................................................16

*Thompson v. Home Depot, Inc.*,
  No. 07cv1058 IEG, 2007 WL 2746603 (S.D.Cal. Sept. 18, 2007) .....................25

*United States v. Forrester*,
  512 F.3d 500 (9th Cir. 2008) ............................................................................22, 23

*Urbaniak v. Newton*,
  226 Cal. App. 3d 1128 (1991) ................................................................................16

*Warth v. Seldin*,
  422 U.S. 490 (1975).................................................................................................13

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000) ................................................................................10

-vi-

*Yunker v Pandora Media*,
2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) .................................................... 17

**Statutes**

15 United States Code
Section 45 ....................................................................................................... 5, 24

15 United States Code
Section 53 ............................................................................................................. 5

Business and Professions Code
Section 17200 ..................................................................................................... 24

Business and Professions Code
Section 17204 ................................................................................................... 4, 24

Business and Professions Code
Section 17500 ....................................................................................................... 1

Penal Code
Section 502 ................................................................................. 1, 3, 12, 17, 18

Penal Code
Section 631 ................................................................................. 1, 3, 19, 20, 21

Penal Code
Section 632 ..................................................................................... 1, 4, 21, 22

Penal Code
Section 632.7 ....................................................................................................... 1

Penal Code
Section 637.2 ..................................................................................................... 11

Penal Code
Section 638.50 ................................................................................................... 23

Penal Code
Section 638.51 ................................................................................. 1, 4, 22

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Other Authorities**

California Constitution
  Article 1, Section 1 ............................................................................................. 1

United States Constitution
  Article III ...........................................................................2, 10, 11, 12, 13

**Rules**

Federal Rules of Civil Procedure
  Rule 12 ................................................................................................... 10

**Treatises**

16 Code of Federal Regulations
  Section 312.2 ..................................................................................... 22

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

This case arises out of Plaintiff's allegations that Kochava collected and sold Plaintiff's and Class Members' data without their consent. Plaintiff purports to bring this putative class action on behalf of himself and a California class comprised of "California residents ('Class Members') … in relation to the unauthorized collection, recording, and dissemination of Plaintiff's and Class Members' personal information, geolocation data, and communication," predicated on alleged violations of the California Constitution, Article 1, Section 1; the California Computer Data Access and Fraud Act ("CDAFA"), California Penal Code § 502; California Penal Code §§ 631, 632, and 638.51[1]; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; and for unjust enrichment. FAC, ¶¶ 1, 26, 137-139. As was the case with Plaintiff's Complaint, the FAC suffers from a multitude of dispositive facial defects.

First, Plaintiff's claims are barred by an established body of case law rejecting materially identical claims based on similar allegations related to data collection and privacy. Plaintiff parrots a complaint filed by the Federal Trade Commission ("FTC") (in response to Kochava's own declaratory judgment complaint) and combines it with recitation of statutory language and conclusory statements. Such threadbare allegations and conclusory statements do not suffice under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

/ / /

---

[1] Plaintiff's caption page and ¶ 1 of the FAC reflect a claim for violation of California Penal Code § 632.7 but the FAC itself does not contain this claim against Kochava. During the parties' November 28, 2022, meet and confer regarding grounds for Kochava's Motion to Dismiss, Plaintiff's counsel confirmed Plaintiff is not alleging a violation of California Penal Code § 632.7 and instead alleges a violation of California Penal Code § 638.51.

Second, all of Plaintiff's claims fail because he lacks Article III standing: Plaintiff cannot show (1) he suffered an "injury in fact," (2) that is fairly traceable to Kochava's conduct and (3) will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). There is no concrete and particularized injury to him that resulted from the alleged violations. Plaintiff's sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiff either recites the FTC's non-specific Complaint verbatim, quotes from news articles, or he conclusorily alleges that "Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct." *See* FAC, ¶¶ 8, 11, 13, 14, 43-58, 86-102, 148, 162, 174, 183, 207, 219, 228, 234. Conspicuously, the FAC fails to show that the alleged violations affected Plaintiff and Class Members *themselve*s. Plaintiff cannot show a single instance of an allegedly intercepted communication or that Kochava actually tracked Plaintiff to any sensitive locations. Significantly, Plaintiff also fails to allege a single application used by Plaintiff or Class Members that purportedly contained Kochava's software developer kit ("SDK"). These failures are fatal to Plaintiff's FAC.

Third, Plaintiff's allegations illustrate that he cannot establish any causal connection between any injury to Plaintiff and Kochava's alleged unlawful conduct. In fact, Plaintiff's own allegations establish that the conduct at issue originated not with Kochava, but with other third parties, thereby dooming Plaintiff's standing. Additionally, Plaintiff has not pled any facts to show that he is "realistically threatened by a repetition" of the damage that is "likely to be redressed by a favorable decision" to warrant injunctive relief. Plaintiff concedes he could opt-out from the data collection and Kochava's Privacy Block feature removes health services location data from the Kochava's data marketplace, thus precluding injunctive relief. *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-

cv-00014-GPC-BLM, 2016 U.S. Dist. LEXIS 152838, at *26 (S.D. Cal. Nov. 3, 2016) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976). Accordingly, a plaintiff who fails to show that he "personally ha[s] been injured" cannot seek relief for himself or any other putative class member. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). As such, all of Plaintiff's claims are barred because he cannot establish standing.

Fourth, Plaintiff's claim for invasion of privacy under the California Constitution, Article I, Section 1 fails facially as a matter of law because Plaintiff fails to adequately allege an "egregious breach of social norms." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012).

Fifth, Plaintiff's CDAFA claim also fails because all of the subsections of CDAFA alleged in the FAC require a showing that Kochava acted "without permission," a requirement that Plaintiff cannot satisfy because Plaintiff alleges consent. Cal. Penal Code § 502(c)(1), (2), and (7); *see In re iPhone Application Litig.*, No. 11-2250, 2011 WL 4403963, at *13 (N.D. Cal. Sept. 20, 2011).

Sixth, all of Plaintiff's CIPA claims fail facially as a matter of law. Plaintiff's allegations that Kochava "intercepted and recorded components of Plaintiff's … private telephone communications and transmissions when Plaintiff … accessed Defendant's software via their cellular mobile access device" and that "Defendant illegally intercepted and stored [Plaintiff's] geolocation and other personal data" do not support a claim under CIPA, Penal Code § 631. *See* FAC, ¶¶ 196, 198. Instead, Plaintiff must show that Kochava used a "machine, instrument, or contrivance" to make an "unauthorized connection . . . with any … telephone wire, line, cable, or instrument" and, through that connection, obtained the *contents* of communications. Cal. Penal Code § 631(a). Courts in the Ninth Circuit have repeatedly held that collection of data, like the alleged geolocation data, does not fall within the definition of "content" under Penal Code 631. *In re iPhone App. Litig.*, 844 F. Supp. at 1061-

62 (geolocation data allegedly intercepted from mobile phones were not the "contents" of communications because they were "generated automatically"); *In re Zynga Privacy Litigation*, 750 F.3d 1098 (9th Cir. 2014) (URLs and cookies are not "the contents of communications"). Plaintiff *himself* alleges in his pleading that he had consented to any alleged data collection because he had an opportunity to opt-out from such data collection. FAC, ¶ 104 ("an injury to the consumer is … reasonably avoidable … by way of the opt-out provision to allow the data collection. [T]he consumer agreed to share its location data with an app developer.").

Seventh, Plaintiff's allegations that Kochava recorded Plaintiff's confidential communications that include "their geolocation and other private and sensitive data and communications" do not give rise to a Section 632 claim. FAC, ¶ 215. To state this claim, Plaintiff must demonstrate that Kochava used an "electronic amplifying or recording device" to record a "confidential communication." Cal. Penal Code § 632(a). Yet, Plaintiff does not and cannot seriously allege that Kochava received any "confidential communications" because Plaintiff also alleges consent to collection of data and as such, he cannot have a reasonable expectation of privacy. *See Flanagan v. Flanagan*, 27 Cal. 4th 766, 777 (2002).

Eighth, Plaintiff's allegations that Kochava's SDK is a pen register do not state a claim for violation of California Penal Code § 638.51. FAC, ¶ 181. As Plaintiff concedes by way of his own allegations, Kochava's SDK is not a device. *See* FAC, ¶¶ 3, 36, 37, 67, 84, 85, 120, 157, 169, 196, 202, 203 (alleging Kochava's SDK is software installed on Plaintiff's smartphone).

Ninth, Plaintiff's UCL claims alleging unfair and unlawful practices both fail for lack of statutory standing because Plaintiff fails to allege that he suffered injury in fact and lost money or property as a result of the alleged unfair competition. Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

And, Plaintiff's unjust enrichment claim fails facially as a matter of law because there is no separate stand-alone cause of action in California for unjust enrichment. *Levine v. Blue Shield of Calif.,* 189 Cal. App. 4th 1117, 1138 (2010).

## II. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A. Kochava's Complaint against the FTC

On August 12, 2022, Kochava filed a lawsuit against the FTC for declaratory judgment and injunctive relief seeking adjudication that Kochava did not violate any laws. *See* FAC, ¶¶ 103-105 (citing Kochava's Complaint against the FTC, *Kochava, Inc. v. Federal Trade Commission*, 2:22-cv-00349-BLW (Dist. Idaho), Docket No. 1 ("Kochava Complaint"). In its Complaint, Kochava seeks a declaration from the Idaho District Court that: (1) the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding; (2) Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is violating, or is about to violate, any provision of law enforced by the FTC and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur; and (3) Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a). *See id.*

The FTC filed its Complaint against Kochava a few days after Kochava filed its above-referenced Complaint against the FTC. FAC, ¶ 43. Following the FTC's Complaint, which is the subject of a pending motion to dismiss for, *inter alia*, failing to state a claim under any cognizable law or regulation, Plaintiff filed the instant copycat lawsuit that parrots the FTC's allegations, shoehorning them into his constitutional and Penal Code claims that have no basis in the law. Indeed, courts

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

have rejected and dismissed similar attempts by opportunistic plaintiffs to misuse the constitutional protections and Penal Code statutes.

### B. Plaintiff's Allegations About Kochava's Business

As alleged by Plaintiff, "the FTC's allegations regarding Kochava's alleged business practices illustrate a lack of understanding of Kochava's services." FAC, ¶ 104. Indeed, Plaintiff's FAC is rife with incongruent allegations that improperly merge two of Kochava's separate business units in a kitchen-sink approach that supports no cognizable legal claim.

As alleged by Plaintiff[2], "Kochava operates two business units, which offer digital marketing and analytics services." *Id*. at ¶ 103. "[Kochava's] primary business unit provides mobile advertising attribution through a set of customizable software tools ("Software as a Service" aka "SAAS") that allow Kochava's customers to obtain various data points and analytics for the customers' digital marketing campaigns and applications." *Id*. "Specifically, Kochava develops a set of software tools and programs that device application ("app") developers can use to measure, track, organize, and visualize mobile app data for their marketing campaigns across marketing channels and partners." *Id*. As part of its mobile measurement and attribution services, Kochava offers its customers its proprietary software development kit ("SDK"). *Id*. at ¶ 6.

Distinct and separate from Kochava's mobile advertising and attribution unit, "Kochava's secondary business unit, the Kochava Collective ('Collective'), is an aggregator of third-party provided mobile device data, which Kochava makes available through its proprietary data marketplace." *Id*. at ¶ 103. Importantly, as recited by Plaintiff[3]:

---

[2] Kochava denies making any "admissions" that it violated CIPA, as Plaintiff misleadingly alleges. *See* FAC, ¶ 103.

[3] Once again, Plaintiff attempts to mislead this Court by alleging Kochava "admits that it tracks sensitive consumer geo location data, in violation of California law."

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

[a]s part of its Collective services, Kochava *does not uniquely identify users*, but collects Mobile Advertising Identifier (MAID) information and links it to hashed emails and primary IP addresses in relation to Kochava's Data Marketplace. Although the Kochava Collective collects latitude and longitude, IP address and MAID associated with a consumer's device, Kochava does not receive these data elements until days after (unlike a GPS tool, for instance), Kochava does not identify the location associated with latitude and longitude, nor does Kochava identify the consumer associated with the MAID. *As such, Kochava does not collect, then subsequently sell data compilation that allows one to track a specific individual to a specific location. Even if an injury to the consumer did indeed occur, it is reasonably avoidable by the consumer themselves by way [of] the opt-out provision to allow the data collection. In other words, the consumer agreed to share its location data with an app developer.* As such, the consumer should reasonably expect that this data will contain the consumer's locations, even locations which the consumer deems is sensitive. Prior to the data collection, a disclaimer or a warning was also provided to a consumer regarding collection of data from all locations, including sensitive ones.

*Id.* at ¶ 104 (emphasis added).

Further, Plaintiff concedes his and other app users' data can be deleted from Kochava's data marketplace upon users' request to Kochava. *Id.* at ¶ 67.

## C.    Plaintiff's Claims

Plaintiff alleges he "owns a mobile cellular telephone phone that use [*sic*] application(s) containing the Defendant's software development kit (SDK)." FAC, ¶ 37. Plaintiff claims Kochava "illegally intercepted, tapped, recorded, and stored Plaintiff and Class Members' digital communications, geolocations, and other sensitive personal data from their digital devices with others, and Defendant invading the privacy of said Plaintiff and Class" via Kochava's software, without Plaintiff's and Class Members' consent. FAC, ¶¶ 3, 39-40, 84, 143. In addition, Plaintiff alleges Kochava's use of "MAIDs, IDFAs, IDFVs and its SDK are both a

---

*See* FAC, ¶ 104. Kochava denies any liability in connection with any California law.

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

'machine, instrument, contrivance, or . . . other manner' used to engage in the prohibited conduct at issue here." *Id*. at ¶ 200. Plaintiff further (wrongly and misleadingly) alleges that Kochava "bypassed the intent of the [Apple App Tracking Transparency ("ATT")] framework" by collecting "both IDFA and IDFV, even after a consumer thinks they have disabled all tracking by apps on an iPhone." *Id*. at ¶¶ 72, 73. However, Plaintiff's own additional allegations contradict its own assertion as Plaintiff concedes IDFA is <u>*not*</u> collected and is "automatically redacted as of iOS 14.5 if ATT authorization has not been granted," which is the intended framework of Apple's ATT. *See id*. at ¶ 67 (discussing iOS specific datapoints) and ¶ 73 (figure 1 showing Kochava's app is not collecting a user's IDFA if an Apple app user has not affirmatively opted-in).

Other than the above (incorrect) and vague allegations reciting statutory language and allegations from the FTC Complaint, Plaintiff offers no specific facts about himself or other Class Members, or their alleged injuries. Plaintiff fails to allege a single application that Class Members purportedly used that contains Kochava's SDK. Plaintiff provides no details whatsoever as to location information Kochava allegedly collected from Class Members. Plaintiff asserts the same boilerplate allegations regarding "geolocation" and "other personal data and communications on [their] mobile device[s]" and recites locations identified as "sensitive" by the FTC. *See id*. at ¶¶ 3, 11, 39-40, 84, 143. Notably, Plaintiff does not contend that he or Class Members actually visited any of the purported sensitive locations, much less that Kochava tracked them there.

Further, Plaintiff alleges conclusorily that "[Kochava] intercepted and recorded components of Plaintiff's and the putative class' private telephone communications and transmissions," but fails to allege contents of a single call or message, the identity of the parties to these communications or why Plaintiff considers them confidential. *See id*. at ¶¶ 192, 196, 212.

-8-

**D.** **Plaintiff's and the Alleged Class Members' Consent to Data Collection and Kochava's Privacy Block Feature**

Consumers like Plaintiff and the alleged class "agreed to share [their] location data with an app developer," with an option to "opt-out." FAC, ¶ 104. "As such, [Plaintiff and Class Members] should reasonably expect that this data will contain [their] locations, even locations which [they] deem[] [are] sensitive." *Id*. Further, "[p]rior to the data collection, a disclaimer or a warning was also provided to a consumer regarding collection of data from all locations, including sensitive ones." *See id*. In addition to this consent, disclaimer, and warning, Kochava proactively implemented programmatic technological controls to prevent any alleged sensitive location tracking:

> On August 10, 2022, Kochava, announced a capability for its Kochava Collective marketplace. The Kochava Collective is an independent data marketplace for connected mobile devices. The new capability is a "Privacy Block" which removes health services location data from the Kochava Collective marketplace. Privacy Block aggregates health services locations which have been identified by a broad range of industry partners into a unified, super-set definition of health services locations. Privacy Block bolsters consumer privacy by leveraging multiple vendor location definitions for what each vendor determines is a health services location, and blocks the onward transfer of this data. Kochava invited data brokers and adtech industry vendors to register to participate with Privacy Block and contribute to the database. In addition, those in the health services sector were invited to register to block their location directly in Privacy Block. Even if consumers previously consented to share their location data, Privacy Block blocks the sharing of health services locations.

*Id*. at ¶ 105.

Importantly, in addition to the above measures, Plaintiff concedes that Kochava will delete an end-user data upon request. *See id*., ¶ 67.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## III.  LEGAL STANDARD

Under Rule 12(b)(1), a court must dismiss claims where a plaintiff has failed to establish standing under Article III. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must plead facts showing that his "right to relief [rises] above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While the Court must accept material factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Id.* at 678, 679. Dismissal is proper if the complaint lacks "a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV.  LEGAL ARGUMENT

### A.  Plaintiff Lacks Article III Standing

Plaintiff lacks Article III standing because he fails to allege (1) he suffered an "injury in fact," (2) that is fairly traceable to the defendant's conduct and (3) will be redressed by a favorable decision. *Spokeo v. Robins*, 578 U.S. 330 (2016); *Friends of the Earth, Inc.*, 528 U.S. at 180-81. A plaintiff who fails to show that he "personally ha[s] been injured" cannot seek relief for himself or any other putative class member. *Lierboe,* 350 F.3d at 1022.

#### 1.  Plaintiff cannot establish that he suffered an injury in fact

To establish an injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). A particularized injury is one that affects the plaintiff in a "personal and individual way." *Id.*; *see also Dutta v. State Farm Mutual Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018). A concrete injury is one that is "real and not abstract." *Spokeo*, 578 U.S. at 339.

Further, the mere allegation of a statutory violation does not create standing as to that claim without an allegation that the plaintiff suffered a resulting, non-speculative, actual injury, as the Supreme Court has repeatedly stated. *See, e.g.*, *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[I]njury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."); *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("In no event, however, may Congress abrogate the Art. III minima: A plaintiff must always have suffered 'a distinct and palpable injury to himself [.]'") (citation omitted).

Other than Plaintiff's claims for invasion of privacy and unjust enrichment[4], all of Plaintiff's claims are statutory-based CIPA, CDAFA and UCL claims. CIPA makes it unlawful to record, monitor or eavesdrop on certain communications without consent and provides that "[a]ny person who has been injured by a violation of this chapter may bring an action" to recover damages. Cal. Penal Code § 637.2(a). Only those who have both suffered injury in fact and lost money or property as a result of the alleged unfair competition may bring suit under the UCL. Cal. Bus. & Prof. Code § 17204. As to Plaintiff's invasion of privacy claim, Plaintiff must show that the invasion caused him to suffer injury, damage, loss or harm. *See Hill v.*

---

[4] As discussed in more detail below, Plaintiff's "claim" for unjust enrichment is not a recognized cause of action under California law and thus, fails facially as a matter of law. *See Levine,* 189 Cal. App. at 1138.

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*National Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 32-37 (1994). Finally, under CDAFA, "the owner … of … data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief." Cal. Penal Code § 502. By the plain language of these applicable authorities, an individual must therefore first be "injured" to "bring an action" under these claims and that "injury" is a prerequisite to suit and recovery of any damages.

Plaintiff cannot establish that he suffered an injury in fact because he cannot show a concrete and particularized harm. Plaintiff's sole allegations of claimed injury and harm are conclusory and insufficient: Plaintiff either recites the FTC Complaint—which does not specify any particularized harm to any individual, much less Plaintiff—verbatim, or he conclusorily alleges that "Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct." *See* FAC, ¶¶ 8, 11, 13, 14, 43-58, 86-102, 148, 162, 174, 183, 207, 219, 228, 234. In fact, other than another conclusory allegation that Plaintiff and Class Members suffered "loss of the value of their personal information" (FAC, ¶¶ 207, 219, 228, 234), Plaintiff fails to connect the value in the data allegedly collected by Kochava to a realistic economic or other harm or loss that is attributable to Kochava's alleged conduct. For example, Plaintiff cannot plausibly allege, for the purposes of Article III standing, that he personally lost the opportunity to sell his data or that the value of his data was somehow diminished after it was collected by Kochava.

Relatedly, Plaintiff has no standing as to any of his claims because the FAC fails to show that the alleged violations affected Plaintiff and Class Members themselves[5]. *Edwards v. First American Corp.*, 610 F.3d 514, 517 (9th Cir. 2010)

---

[5] Courts find allegations of distinct and palpable injury only when, unlike here, the pleadings allege specific harm to the plaintiff caused by the alleged violations. *See*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12

(Article III standing only where "the constitutional or statutory provision on which the claim rests properly can be understood as granting persons _in the plaintiff's position_ a right to judicial relief" (emphasis added) (quoting _Warth v. Seldin_, 422 U.S. 490, 500 (1975))). Plaintiff's generalized pleading fails to satisfy the injury-in-fact requirement that Plaintiff must be harmed personally and courts routinely dismiss such insufficiently pled complaints[6]. Not only Plaintiff's allegations fail to state a violation of any of his claims (as discussed below), Plaintiff also fails to allege that he or any Class Member has been tracked to any of the sensitive locations (or any locations for that matter) through the proscribed means under any applicable law. Further, Plaintiff fails to provide a single example of a communication that was allegedly "intercepted" or "recorded" by Kochava, nor does Plaintiff allege any specific instances of locations where he or other Class Members were "tracked," or other injury that is specific to Plaintiff. Plaintiff does not even allege specific app(s) used by Plaintiff or Class Members that purportedly contained Kochava's SDK.

13
14
15
16
17
18

_Gaos v. Google Inc._ (the Court dismissed six of the plaintiff's seven claims for failure to allege injury in fact, but found standing for the Stored Communications Act ("SCA") claim because the plaintiff, by "explain[ing] how and by whom that disclosure was made," showed that under the SCA's private right of action "the injury she suffered was specific to her." 2012 WL 1094646, *3 (N.D. Cal. Mar. 29, 2012); _see also Low v. LinkedIn Corp._, 900 F. Supp. 2d 1010, 1021 (N.D. Cal. 2012) (alleged SCA violations sufficient to establish Article III injury in fact where plaintiff "[gave] specific examples of the information allegedly transmitted to third parties when he visited the LinkedIn website").

19
20
21
22
23
24

[6] _See In re Facebook Internet Tracking Litig._, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015); _Low_, 900 F. Supp. at 1021; _LaCourt v. Specific Media, Inc._, No. SACV 10-1256 GW JCGX, 2011 U.S. Dist. LEXIS 50543, at *11-12 (C.D. Cal. Apr. 28, 2011); _see also In re Zappos.com, Inc._, 108 F. Supp. 3d 949 (D. Nev. June 1, 2015) (no injury-in-fact where "Plaintiffs do not allege any facts explaining how their personal information became less valuable . . . or that they attempted to sell their information and were rebuffed because of a lower price-point"); _In re iPhone App. Litig._, No. 11-MD-02250-LHK, 2011 WL 4403963, at *5-6 (N.D. Cal. Sept. 20, 2011) (dismissing claims for lack of standing).

-13-

Further undermining Plaintiff's claimed injury is the fact that Plaintiff and Class Members consented to data collection by failing to opt-out from it when they were advised of same and the fact that they could have easily requested their data to be deleted. *See* FAC, ¶¶ 67, 104.

### 2. Plaintiff cannot show a causal connection

Article III requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560-61 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Causation is lacking when an injury caused by a third party is too tenuously connected to the defendant's act. *Coal for a Sustainable Delta v. John McCamman*, 725 F. Supp. 2d 1162, 1192 (E.D. Cal. 2010) (citing *Citizens for Better Forestry v. U.S. Dept. of Agric.*, 341 F.3d 961, 975 (9th Cir. 2003)).

Plaintiff fails to establish the requisite causal connection between his claimed injury and Kochava's alleged conduct. As discussed above, Plaintiff's generalized allegations are insufficient to establish a particularized injury specific to Plaintiff. Moreover, Plaintiff's own allegations establish that the conduct at issue originated not with Kochava, but with other third parties. *See* FAC, ¶¶ 37, 38, 67, 76, 81, 104 (Plaintiff's allegations showing that data was purportedly collected by way of "smartphone applications", that app developers customize the SDK, and that consumers, like Plaintiff, "agreed to share [their] location data with an app developer"; while failing to allege Kochava is an app developer (which it is not).)

### 3. Plaintiff cannot establish redressability as to injunctive relief

Plaintiff seeks injunctive relief (FAC, ¶¶ 1, 110, 117, 119, 124, 150, 175, 209, 221, & Prayer for Relief) and thus, he bears the burden of showing that he "personally would benefit in a tangible way" from the prospective injunctive relief

-14-

he requests. *Steel Co.*, 523 U.S. at 103 n.5. A plaintiff fails to establish "redressability" as to the request for injunctive relief when such plaintiff does not sufficiently allege that she or he is "realistically threatened by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *Dugas*, 2016 U.S. Dist. LEXIS 152838 at *26 (citing *Simon*, 426 U.S. at 38, 41).

Plaintiff has not pled any facts to show that he is "realistically threated by a repetition" of the damage that is "likely to be redressed by a favorable decision" by the court. *See Dugas*, 2016 U.S. Dist. LEXIS 152838 at *26 (citing *Simon*, 426 U.S. 26 at 38, 41). In fact, Plaintiff pleads the opposite: that Kochava has implemented the new capability, Privacy Block, "which removes health services location data from the Kochava Collective marketplace." FAC, ¶ 105. Where standing is premised entirely on the threat of repeated injury, a plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

### B.    Plaintiff Cannot State a Claim for Invasion of Privacy

To state a claim for invasion of privacy under the California Constitution, a plaintiff must allege "conduct by the defendant that amounts to a serious invasion" of a "protected privacy interest." *In re iPhone Application Litig.*, 844 F. Supp. at 1063. Invasions of privacy must be "sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. at 37. Only the most egregious circumstances meet this standard, such as dissemination by the police of gruesome photographs of a deceased car accident victim, disclosure of a patient's HIV status, or misrepresenting one's identity to access confidential information about childhood abuse. *See, e.g., Catsouras v. Dep't of Cal. Highway Patrol*, 181 Cal. App. 4th 856 (2010) (CHP officers emailed their friends and family gruesome photographs of accident victim's decapitated corpse for "shock value"); *Urbaniak v. Newton*, 226

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Cal. App. 3d 1128 (1991) (physician publicly and gratuitously disseminated irrelevant fact of patient's HIV status in a report); *Taus v. Loftus*, 40 Cal. 4th 683 (2007) (investigator allegedly posed as an associate of a mental health professional in whom plaintiff had previously confided facts about childhood abuse).

Plaintiff's claim also fails because Plaintiff *himself* alleges in the FAC that he had consented to any alleged data collection because he received "a disclaimer or a warning" and he had an opportunity to opt-out from such data collection. FAC, ¶ 104. A plaintiff's expectation of privacy is diminished by advance notice of a potential invasion of a privacy interest and subsequent voluntary consent to the invasion. *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 300 (2009); *Hill*, 7 Cal. 4th at 42.

Plaintiff's allegations fall well short of this high standard. Plaintiff claims that Kochava, via its SDK, collects automatic anonymized datapoints for purported advertising and commercial purposes. *See* FAC, ¶ 67. The FAC describes the information collected as "personal information" (FAC, ¶ 157) but Plaintiff's own allegations show this label to be a misnomer: the so-called "personal information" collected by the SDK is device-based, not person-based. It consists of fields such as persistent device identifiers; IP addresses; device language, device operating system, and version; screen dimensions; the manufacturer, make, and model of the device; and the name and developer of the app the device is running. *See* FAC, ¶ 67. Even the purported geolocation data in Kochava's Collective, consisting of latitude and longitude, is device-based. *See* FAC, ¶ 104.

Courts hearing similar claims regarding digital data collection and marketing have held as a matter of law that the conduct does not constitute an egregious breach of social norms. For example, in *In re iPhone Application Litigation*, the plaintiffs alleged the defendants permitted third-party apps to collect personal data of users including address, unique device identifiers, age, gender, and ZIP code – without

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

consent and for commercial purposes. 844 F. Supp. at 1050. The court dismissed the claim, holding that the alleged conduct does not "constitute an egregious breach of the social norms." *Id.* at 1063 (internal quotation marks & citation omitted). Similarly, in *Low*, the plaintiffs alleged that LinkedIn allowed transmission of users' browsing history and user IDs to third-party advertisers. 900 F. Supp. 2d at 1016. The court dismissed the intrusion upon seclusion and California constitutional right to privacy claims because such disclosures of information "do[] not meet the standard set by California courts." *Id.* at 1025. The court noted that "[e]ven disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Id.* Several other courts have held similarly: *E.g.*, *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 679, 690-691 (N.D. Cal. 2021) (defendant's pre-installed software accidentally intercepted private communications on their phones when they did not say a "hot word" to permit such interception, did not sufficiently allege a privacy interest in their communications); *Yunker v Pandora Media*, 2013 WL 1282980, at *15 (N.D. Cal. Mar. 26, 2013) (providing personally identifiable data to advertising libraries did not constitute "an egregious breach of social norms"); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008) (conduct resulting in theft of confidential personal data, including social security numbers, did "not approach th[e] standard" of "an egregious breach"); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 988 (N.D. Cal. 2014) (intrusion upon seclusion claim dismissed because plaintiffs' allegations that Google disclosed browsing habits and search queries to third parties did not meet "high bar" for claim).

## C.     Plaintiff Cannot State a CDAFA Claim

Plaintiff's allegations in the FAC cannot state a claim for violation of CDAFA, California Penal Code § 502. A claim under Section 502(c)(1) requires Plaintiff to show that Kochava "knowingly and without permission alter[ed],

damag[ed], delet[ed], destroy[ed], or otherwise us [ed] any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data." Cal. Penal Code § 502(c)(1). Section 502(c)(2) requires Plaintiff to allege that Kochava "knowingly accesse[d] and without permission [took], copies, or [made] use of any data from a computer, computer system, or computer network, or [took] or copie[d] any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." *Id.*, § 502(c)(2). Under Section 502(c)(7), Plaintiff must show Kochava "knowingly and without permission accesse[d] or cause[d] to be accessed any computer, computer system, or computer network."

All of the subsections of CDAFA alleged by Plaintiff in the FAC require a showing that Kochava acted "without permission," a requirement that Plaintiff cannot satisfy. Cal. Penal Code § 502(c)(1), (2), and (7); *see In re iPhone Application Litig.*, 2011 WL 4403963, at *13 (defendants did not act "without permission" where Plaintiffs' phones "voluntarily" installed or updated defendants' software that contained allegedly "surreptitious code"). Plaintiff alleges Kochava "was unjustly enriched by intercepting, acquiring, taking, or using Plaintiff's and Class members' data, communications, and personal information without their permission, and using it for Defendant's own financial benefit." FAC, ¶ 173.

Plaintiff's conclusory allegations are insufficient to state this claim. Not only Plaintiff concedes he and Class Members voluntarily installed apps on their phones that purportedly contain Kochava's SDK (FAC, ¶¶ 37, 38, 67, 76), Plaintiff also alleges that they had consented to any alleged data collection because they received "a disclaimer or a warning" and they had an opportunity to opt-out from such data collection. FAC, ¶ 104.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Further, Section 502 is a criminal "anti-hacking" statute, and courts interpret "without permission" narrowly. *Custom Packaging Supply, Inc. v. Phillips*, 2015 WL 8334793, at *3 (C.D. Cal. Dec. 7, 2015). Liability generally requires allegations that the defendant circumvented a technical or code-based barrier. *See, e.g., Facebook, Inc. v. Power Ventures, Inc.*, 2010 WL 3291750, at *11 (N.D. Cal. July 20, 2010); *Enki Corp. v. Freedman*, 2014 WL 261798, at *3 (N.D. Cal. Jan. 23, 2014) (dismissing for failure to allege circumvention of technical or code based barrier). Plaintiff fails to allege Kochava circumvented technical or code-based barrier and thus, Plaintiff's CDAFA claim fails as a matter of law.

**D.     Plaintiff Cannot State a Claim under CIPA**

As a preliminary matter, all of Plaintiff's CIPA claims fail because the FAC does not identify a single communication attributable to Plaintiff or other Class Members that Kochava allegedly acquired. Generalized facts do not identify a single communication—much less its contents—that Kochava allegedly acquired and thus fail to satisfy Plaintiff's pleading burden. *Twombly*, 550 U.S. at 555 (pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

**1.     Plaintiff cannot establish facts to support a CIPA claim under Section 631**

Plaintiff's allegations in the FAC do not give rise to a claim under Section 631. To state a claim for wiretapping under § 631, Plaintiff must plead facts to show that Kochava used a "machine, instrument, or contrivance" to make an "unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument" and, through that connection, obtained the contents of communications. Cal. Penal Code § 631(a). In interpreting Section 631, courts have generally construed it "as coextensive with the [federal] Wiretap Act." *In re Vizio, Inc.*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Consumer Privacy Litig.*, 238 F.Supp.3d 1204, 1228 (C.D. Cal. 2017) (citing *Sunbelt Rentals, Inc. v. Victor*, 43 F.Supp.3d 1026, 1033 (N.D. Cal. 2017)); *see In re Nickelodeon Consumer Privacy Litig.*, No. CIV.A. 12-07829, 2014 WL 3012873, *17 (D.N.J. July 2, 2014) (noting that "courts read CIPA's wiretapping provision and the federal Wiretap Act to preclude identical conduct" and dismissing both claims for failure to allege interception of "contents" of communications.)

First, Plaintiff fails to adequately allege that Kochava used a "machine, instrument, or contrivance" to make an "unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument" and, through that connection, obtained the contents of communications. Cal. Penal Code § 631(a). Plaintiff's allegations that MAIDs, IDFAs, IDFVs and Kochava's SDK are both a "machine, instrument, contrivance, or . . . other manner" are conclusory (and wrong). *See Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.").

Second, Plaintiff has not sufficiently alleged that Kochava obtained the contents of any communication. *See People v. Suite*, 101 Cal. App. 3d 680, 686 (1980) (dismissing § 631 claim where no "contents" of the communications were obtained). Neither Kochava's alleged collection of geolocation data, nor other data[7] purportedly collected by Kochava fall within the definition of "content" under Penal Code 631. *In re iPhone App. Litig.*, 844 F. Supp. 2d at 1061-62 (geolocation data allegedly intercepted from mobile phones were not the "contents" of communications because they were "generated automatically"); *see Zynga*, 750 F.3d 1098 (URLs and cookies are not the contents of communications).

---

[7] Plaintiff alleges Kochava collected "all sorts of website information, as well as Plaintiffs' [sic] and Class Members' respective IP addresses, browser and device information, user IDs, geolocation data, and other data." *See* FAC, ¶¶ 67, 77, 79, 80, 198, 205.

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

An automatically generated communication cannot be an "intended message" under the Wiretap Act or Section 631. *See id.* (contents refers to the "intended message conveyed by the communication" not information that is "generated in the course of the communication"). Similarly here, Plaintiff's sole allegations regarding the "contents" of his and other Class Members' are in connection with automatically generated data.

Third, Plaintiff cannot allege that Kochava obtained communications "without [] consent," or in an "unauthorized manner." Cal. Penal Code § 631(a). In fact, Plaintiff pleads the opposite—i.e., that consumers like him consented to the data collection and that they had an option to opt-out from it. FAC, ¶ 104.

### 2. Plaintiff cannot establish facts to support a CIPA claim under Section 632

To state a claim under Section 632, Plaintiff must allege that Kochava used an "electronic amplifying or recording device" to record a "*confidential* communication" as required under the statute. Cal. Penal Code § 632(a)(emphasis added); *Flanagan*, 27 Cal. 4th at 777.

Plaintiff, contrary to *Twombly*, conclusorily alleges that his and Class Members' "geolocation and other private and sensitive data and communications constitute 'confidential' communications" because Plaintiff and Class Members "intended that the communications would be confined to the parties to the communication." FAC, ¶¶ 212, 215; *Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.").

Other than the conclusory allegations above, Plaintiff does not allege that Kochava received any "confidential communications." *See Flanagan*, 27 Cal. 4th at 777 (Section 632 applies only "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded");

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *22 (N.D. Cal. Sept. 26, 2013) (dismissing Section 632 claim because email communications are "recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet"). Plaintiff does not have "an objectively reasonable expectation" of "confidentiality" in the data at issue here, which was shared automatically by his mobile phone. *See United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (Plaintiffs could not have held a subjective expectation of privacy because Internet users have no expectation of privacy in the . . . IP addresses of the websites they visit … Plaintiffs should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information); *see also* 16 C.F.R. § 312.2 (defining collectable mobile app internal operations support data as including activities to "(i) maintain and analyze the functioning of the Web site or online service; (ii) Perform network communications; (iii) Authenticate users of, or personalize the content on, the Web site or online service; (iv) Serve contextual advertising on the Web site or online service or cap the frequency of advertising; (v) Protect the security or integrity of the user, Web site, or online service. . .").

But even assuming *arguendo* that any actionable recording of confidential information occurred (it did not), with an "electronic amplifying or recording device (it was not)," Plaintiff admits his consent to collection of data and as such, he cannot have a reasonable expectation of privacy to maintain this claim. *See* FAC, ¶ 104.

### 3. Plaintiff cannot show facts to support a CIPA claim under Section 638.51

To state a claim under Section 638.51, a plaintiff must plead Kochava used "a pen register or a trap and trace device without first obtaining a court order." *See* Cal. Penal Code § 638.51. "Pen register means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an

instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b).

Plaintiff's conclusory allegation that Kochava's SDK is a "device or process" contradicts his own allegations in the FAC that Kochava's SDK is a "software" installed on Plaintiff's smartphone. *See* FAC, ¶¶ 3, 36, 37, 67, 84, 85, 120, 157, 169, 196, 202, 203. As Plaintiff concedes by way of his own allegations, Kochava's SDK is not a device. In fact, Plaintiff's allegation is nonsensical because a pen register is a device that records numbers dialed from a phone line and not the type of automated device data Plaintiff alleges is at issue here. *See Smith v. Maryland*, 442 U.S. 735 (1979); *Forrester*, 512 F.3d at 509–10.

Further, Plaintiff fails to show that the type of data purportedly collected by Kochava requires a court order or a warrant. Indeed, Plaintiff fails to cite to a single authority requiring Kochava to obtain a court order in connection with the alleged data collection. This is because no such law exists. *Zynga,* 750 F.3d at 1108 (the courts have allowed the warrantless collection of email and IP addresses … because email and IP addresses "constitute addressing information and do not necessarily reveal any more about the underlying contents of communication than do phone numbers.")

### E.    Plaintiff Cannot State a UCL Claim

Plaintiff's sixth and seventh claim in the FAC allege violations of the UCL under unfair and unlawful prongs of the UCL. FAC, ¶¶ 223-235. Plaintiff claims Kochava's "unfair" business practices "include[] surreptitiously collecting, tracking, using and disseminating Plaintiff's and Class members' personal information, geolocation data, and communications." FAC, ¶ 225. Plaintiff's unlawful business practices claim is based on Plaintiff's California Penal Code, constitutional invasion

of privacy claims and Section 5 of the FTC Act, 15 U.S.C. § 45[8]. FAC, ¶ 233. Both UCL claims fail as a matter of law.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of the three 'prongs' of the UCL provides a 'separate and distinct theory of liability' and an independent basis for relief." *Rojas-Lozano v. Google, Inc.,* 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016). The unlawful prong prohibits "anything that can be called a business practice and that at the same time is forbidden by law." *Id*. The unfair prong prohibits practices that "violate[ ] established public policy" or are "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id*. (quoting *McKell v. Wash. Mut., Inc*., 142 Cal. App. 4th 1457, 1473 (2006). Courts evaluate the unfair prong under a "balancing test" that weighs the utility of the practice against the "gravity of harm to the alleged victim." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

If Plaintiff cannot allege both that he and Class Members suffered injury in fact and that they lost money or property as a result of an unlawful or unfair business practice, then Plaintiff lacks statutory standing to sue under the UCL. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008); *accord Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010); *Kwikset*, 51 Cal. 4th at 323–24. Under § 17204, an injury in fact is defined as either "a distinct and palpable injury suffered as a result of the defendant's actions," or "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical," *see Peterson*, 164 Cal. App. at 1590, the latter of which is identical to the injury-in-fact standard for establishing constitutional standing.

---

[8] Plaintiff does not allege a claim for an FTC Act violation against Kochava in the FAC.

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Plaintiff is also unable to allege loss of money or property because a plaintiff's "personal information" does not constitute property under the UCL. *Thompson v. Home Depot, Inc.*, No. 07cv1058 IEG, 2007 WL 2746603, at *3 (S.D.Cal. Sept. 18, 2007). Plaintiff cannot allege that Plaintiff paid for the app and/or Kochava's services and several courts have held that the unauthorized release of "personal information" does not constitute a loss of money or property for purposes of establishing standing under the UCL. *See, e.g., In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714-15 (N.D. Cal. 2011) (finding no loss of money or property where alleged injury consisted of unlawfully sharing plaintiffs' "personally identifiable information" with third-party advertisers who then sent plaintiffs targeted advertising).

Further, Plaintiff also fails to state his unfair business practices claim under the standard set forth in *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861 (1999), which held that "unfair" conduct occurs when that practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id*. Other than recitation of authorities and conclusive allegation that "Defendant's conduct alleged is unfair under all of these tests" (FAC, ¶ 227), Plaintiff fails to allege any facts to support his claim under any test.

## F.   Plaintiff's Unjust Enrichment Claim Fails As a Matter of Law

Plaintiff's claim for unjust enrichment fails as a matter of law because there is no separate stand-alone cause of action in California for unjust enrichment. The California Court of Appeals held that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011); *accord Levine*, 189 Cal. App. at 1138 (2010); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## V.    CONCLUSION

For the reasons set forth above, Kochava respectfully requests that this Court dismiss Plaintiff's FAC with prejudice.

Respectfully submitted,

Dated:  December 5, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/ Craig J. Mariam*
Craig J. Mariam
Hazel Mae B. Pangan
Elena A. Kuzminova
Attorneys for Kochava Inc.

**KOCHAVA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**