Craig J. Mariam  (SBN: 225280)
cmariam@grsm.com
Hazel Mae B. Pangan  (SBN: 272657)
hpangan@grsm.com
Elena A. Kuzminova (SBN: 303838)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KOCHAVA, INC.,<br><br>Defendant. | CASE NO.  22-cv-01327 BAS-AHG<br><br>Honorable Cynthia A. Bashant<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KOCHAVA INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>[Filed Concurrently with Notice of Motion and Motion; Declarations of Charles F. Manning & Craig J. Mariam]<br><br>Hearing Date:   April 17, 2023<br>Courtroom:      4B |

**TO THIS HONORABLE COURT:**

Kochava Inc. ( "Kochava") hereby respectfully submits its brief in support of its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

/ / /

/ / /

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................. 5

II.   FACTUAL BACKGROUND ............................................................... 5

    A.    Kochava is a Delaware Corporation Headquartered in Idaho .......... 5

    B.    Related Similar Actions Venued in the District of Idaho ................ 7

        1.    Kochava's Complaint against the FTC .................................. 7

        2.    The FTC's Complaint against Kochava ............................... 7

        3.    Plaintiff's Complaint against Kochava ................................. 8

        4.    Murphy's Complaint against Kochava .................................. 9

III.   LEGAL STANDARD ......................................................................... 9

IV.   THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT COURT OF IDAHO ............................................................ 11

    A.    This Case Should Have Been Brought in the District Court of Idaho ......................................................................................... 11

    B.    The Relevant Public and Private Factors Weigh Heavily in Favor of Transfer .......................................................................... 12

        1.    Pendency of Three Other Similar and Related Cases in the District of Idaho Favors Transfer ................................... 13

        2.    Convenience of the Parties Is Best Served by Transferring This Case to the District of Idaho................... 13

        3.    Convenience to the Witnesses Is Best Served by Transferring This Case to the District of Idaho................... 15

        4.    Plaintiff's Choice of Forum Should Be Disregarded .......... 16

        5.    Familiarity with Applicable Law ........................................ 17

        6.    Local Interest in the Controversy ....................................... 18

        7.    Administrative Considerations ............................................ 18

        8.    The Ease of Access to Evidence Is Greatly Enhanced in the District of Idaho .................................................... 19

V.    CONCLUSION .............................................................................. 19

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]    CASE NO. 22-cv-01327

# TABLE OF AUTHORITIES

Page(s)

Cases

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,*
    503 F.2d 384 (9th Cir.1974) ............................................................. 13

*Barnstormers, Inc. v. Wing Walkers, LLC,*
    No. 09cv2367, 2010 WL 2754249 (S.D.Cal. July 9, 2010) ........................... 18

*Callaway Golf Co. v. Corp. Trade, Inc.,*
    No. 09–cv–384, 2010 WL 743829 (S.D.Cal. Mar. 1, 2010) ......................... 13

*Decker Coal Co. v. Commonw. Edison Co.,*
    805 F.2d 834 (9th Cir.1986) ........................................................ 12, 16

*E&J Gallo Winery v. F. & P. S.p.A.,*
    899 F.Supp. 465 (E.D. Cal. 1994) ..................................................... 10

*Earth Island Inst. v. Quinn,*
    56 F. Supp. 3d 1110 (N.D. Cal. 2014).................................................. 10

*Engel v. CBS, Inc.,*
    886 F.Supp. 728 (C.D. Cal. 1995) ..................................................... 11

*Foster v. Nationwide Mut. Ins. Co.,*
    No. 07–04928, 2007 WL 4410408 (N.D.Cal. Dec. 14, 2007) ...................... 17

*Gherebi v. Bush,*
    352 F.3d 1278 (9th Cir. 2003) ......................................................... 15

*Hatch v. Reliance Ins. Co.,*
    758 F.2d 409 (9th Cir. 1985) ...................................................... 10, 11

*Hawkins v. Gerber Prod. Co.,*
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) .........................................passim

*Hoffman v. Blaski,*
    363 U.S. 335 (1960).................................................................... 11

*Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.,*
    270 F.Supp.2d 1189 (S.D. Cal. 2003) ................................................. 11

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495 (9th Cir. 2000) ......................................................... 10

*Leetsch v. Freedman,*
    260 F.3d 1100 (9th Cir. 2001) ........................................................ 19

*Lou v. Belzberg,*
    834 F.2d 730 (9th Cir.1987) ...................................................... 16, 17

*Metz v. The United States Life Insurance Co. in the City of New York,*
    674 F.Supp.2d 1141 (C.D. Cal. 2009).............................................. 13, 18

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-3-

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955)......................................................................................... 16

*Pac. Car & Foundry Co. v. Pence*,
    403 F.2d 949 (9th Cir.1968) ........................................................................ 17

*Park v. Dole Fresh Vegetables, Inc.*,
    964 F.Supp.2d 1088 (N.D. Cal. 2013)......................................................... 15

*Roling v. E\*Trade Sec., LLC*,
    756 F.Supp.2d 1179 (N.D.Cal.2010) ........................................................... 17

*Romoff v. Johnson & Johnson Consumer Inc.*,
    No. 22CV75-LL-WVG, 2022 WL 3905301 (S.D. Cal. Aug. 26, 2022)......... 10

*Rubio v. Monsanto Co.*,
    181 F.Supp.3d 746 (C.D. Cal. 2016) ........................................................... 11

*Sparling v. Hoffman Constr. Co.*,
    864 F.2d 635 (9th Cir. 1988) ....................................................................... 10

*United States ex rel. Co*dy, CV 13-9173, 2016 U.S.Dist.LEXIS 194336, \*14
    (C.D. Cal. 2016).......................................................................................... 18

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)............................................................................. 10, 19

Statutes

15 U.S.C. § 45(a) .................................................................................................. 7

15 U.S.C. § 45(a), (n) ............................................................................. 7, 17, 18

15 U.S.C. § 53(b) .................................................................................................. 7

28 U.S.C. § 1391(b) ............................................................................................ 12

28 U.S.C. § 1391(b)(1) ....................................................................................... 12

28 U.S.C. § 1391(b)(3) ....................................................................................... 12

28 U.S.C. § 1404 ................................................................................................ 11

28 U.S.C. § 1404(a) ...................................................................................... passim

Cal. Bus. & Prof. Code § 17500 ........................................................................... 8

Cal. Const. art. I, § 1 ............................................................................................ 8

Cal. Penal Code § 502 .......................................................................................... 8

Cal. Penal Code §§ 631, 632, and 638.51 ........................................................... 8

RCW 19.86.010 .................................................................................................... 9

U.S. Const. art. II (1787) ...................................................................................... 7

Other Authorities

15 Charles Alan Wright et al., Federal Practice and Procedure § 3854, at 360-61
    (3d ed. 2007)............................................................................................... 18

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-4-

## I.      INTRODUCTION

Kochava seeks an order transferring venue of this action to the United States District Court for the District of Idaho (Northern Division), the proper and more convenient forum for this case to serve the interests of justice. Plaintiff David Greenley ("Plaintiff") brought this putative class action in the Southern District of California alleging that Kochava collected and sold Plaintiff's and Class Members' data without their consent. *See* ECF No. 1, First Am. Compl. ("FAC"). However, the location of Kochava's principal place of business, as well as the venue of *three* other related lawsuits, is the Northern Division of the District of Idaho—not here in the Southern District—and thus, permissive transfer pursuant to Section 1404(a) is appropriate. As discussed below, this case should have been brought in the Northern Division of the District of Idaho, and essentially all of the witnesses (both party and non-party) and evidence (both documentary and physical) are located in the District of Idaho. Ultimately, transfer would serve the convenience of the parties and the witnesses, and further the interests of justice by avoiding duplicative actions and unnecessary expenses, and potentially conflicting rulings by different courts.

## II.      FACTUAL BACKGROUND

### A.      Kochava is a Delaware Corporation Headquartered in Idaho

Kochava is a Delaware corporation headquartered at 201 Church Street, Sandpoint, Idaho 83864. Declaration of Charles F. Manning ("Manning Decl.") ¶ 3.  Kochava is a business-to-business ("B2B") company that operates two business units, which offer digital marketing and analytics services. *Id*. Kochava's primary business unit provides mobile advertising attribution and analytics, through a set of customizable software tools ("Software as a Service" aka "SAAS"), which entails the use of Kochava's proprietary software development kits, or "SDKs," to maintain and improve the performance of a clients' software, including apps. *Id*. The purpose of the SDKs is to support the

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-5-

apps' internal operations, including analyzing the apps' functioning. *Id*. Kochava's SDK can be integrated into a mobile app along with other SDKs as part of the mobile advertising data ecosystem. *Id.* Distinct and separate from Kochava's mobile advertising and attribution unit, Kochava's secondary business unit, the Kochava Collective ("Collective"), is an aggregator of third-party provided mobile device data, which Kochava makes available through its proprietary data marketplace. *Id.* at ¶ 4.

Kochava presently has 167 employees and personnel, the majority of whom are based and/or located in Sandpoint, Idaho. *Id.* at ¶ 9. Kochava produces no physical goods of any kind, nor does Kochava market or sell any products or services to consumers. *Id.* at ¶ 5. Moreover, Kochava neither owns nor leases any real property in California. *Id.* Kochava also does not have a corporate mailing address or telephone number in California, and has no corporate offices in California. *Id* at ¶ 6. Kochava does not advertise through print, television, radio, or other traditional advertising in California. *Id*. Kochava does not presently employ any personnel in San Diego County. *Id* at ¶ 10. All of Kochava's corporate decisions are made at its Sandpoint, Idaho headquarters, including the development, marketing and operations of its two primary business units – mobile advertising attribution unit and the Collective. *Id.* at ¶ 7. The majority of Kochava's officers and directors are also located in Kochava's headquarters in Sandpoint, Idaho. *Id*.

Additionally, the operative facts in the FAC—including, for example, the allegations related to Kochava's SDK and the Collective—occurred in the District of Idaho. Kochava's corporate decisions are made at its headquarters in the District of Idaho, and its development, marketing and operations teams are based there too. *Id.* at ¶ 7. The decisions that influence the development, implementation, and operations of its services all occur in Idaho. *See id*.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**B.      Related Similar Actions Venued in the District of Idaho**

**1.      Kochava's Complaint against the FTC**

On August 12, 2022, Kochava filed a lawsuit against the Federal Trade Commission ("FTC") in the Northern Division for the District Court of Idaho for declaratory judgment and injunctive relief seeking adjudication that Kochava did not violate any laws. *See Kochava, Inc. v. Federal Trade Commission*, No. 2:22-cv-00349-BLW (Dist. Idaho), ECF No. 1 ("Kochava Complaint"), attached as Exhibit A to Declaration of Craig J. Mariam ("Mariam Decl."). In its Complaint, Kochava seeks a declaration from the Idaho District Court that: (1) the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding; (2) Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is violating, or is about to violate, any provision of law enforced by the FTC and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur; and (3) Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a). *See id*.

**2.      The FTC's Complaint against Kochava**

On August 29, 2022, the FTC filed its Complaint against Kochava. *See Federal Trade Commission v. Kochava*, No. 2:22-cv-00377-BLW (Dist. Idaho), ECF No. 1 ("FTC Complaint"), attached as Exhibit B to Mariam Decl. The FTC seeks injunctive relief against Kochava in connection with its purported allegations that Kochava is in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), (n), which Kochava denies such allegations. The Idaho Court recently held a hearing on Kochava's Motion to Dismiss the FTC's Complaint

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

for, *inter alia*, failing to state a claim under any cognizable law or regulation, and, the Court took this matter under submission.

As discussed below, Plaintiff herein filed the instant copycat lawsuit that parrots the FTC's allegations, shoehorning them into his constitutional and Penal Code claims that have no basis in the law.

### 3.    Plaintiff's Complaint against Kochava

Plaintiff brings this putative class action on behalf of himself and a California class comprised of "California residents ('Class Members') … in relation to the unauthorized collection, recording, and dissemination of Plaintiff's and Class Members' personal information, geolocation data, and communication," predicated on alleged violations of the California Constitution, Article 1, Section 1; the California Computer Data Access and Fraud Act ("CDAFA"), California Penal Code § 502; California Penal Code §§ 631, 632, and 638.51; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17500, *et seq*.; and for unjust enrichment. *See* FAC at ¶¶ 1, 26, 137-139.

Plaintiff alleges Kochava is a "Delaware corporation with its principal place of business located at 201 Church Street, Sandpoint, Idaho." FAC at ¶ 41. Plaintiff further alleges that Kochava "has registered an agent of process with the Idaho Secretary of State, Doug Lieuallen, 201 Church Street, Sandpoint, Idaho 83864." *Id*. at ¶ 42.

Plaintiff alleges he "owns a mobile cellular telephone phone that use [*sic*] application(s) containing the Defendant's software development kit (SDK)." FAC at ¶ 37. Plaintiff claims Kochava "illegally intercepted, tapped, recorded, and stored Plaintiff and Class Members' digital communications, geolocations, and other sensitive personal data from their digital devices with others, and Defendant invading the privacy of said Plaintiff and Class" via Kochava's software, without Plaintiff's and Class Members' consent. *Id*. at ¶¶ 3, 39-40, 84, 143.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

All of Plaintiff's claims are predicated on the allegations in the FTC's Complaint. In fact, Plaintiff recites the FTC's allegations, as well as the allegations in Kochava's Complaint, verbatim. Specifically, Plaintiff asserts the same boilerplate allegations regarding "geolocation" and "other personal data and communications on [their] mobile device[s]" as the FTC and recites locations identified as "sensitive" by the FTC. *See* FAC at ¶¶ 11, 12, 43-58, 86-105. As discussed above, both the FTC's Complaint and Kochava's Complaint are pending before the District Court of Idaho.

On December 5, 2022, Kochava filed its Motion to Dismiss Plaintiff's FAC in this action, on the grounds that Plaintiff lacks standing to prosecute this action and the FAC fails to state a claim as a matter of law. *See* ECF Nos. 11 & 11-1. The Motion is fully briefed and is pending before this Court. *See* ECF Nos. 11, 11-1, 16 & 17.

### 4.    Murphy's Complaint against Kochava

On February 1, 2023, Cindy Murphy filed a class action complaint against Kochava in the Idaho District Court for unjust enrichment and violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq*. *See Cindy Murphy v. Kochava, Inc.*, No. 2:23-cv-00058-REP (D. Idaho), ECF No. 1 ("Murphy Complaint"), attached as Exhibit C to Mariam Decl. Similar to the FAC herein, the entirety of factual allegations in the Murphy Complaint is recited from the FTC's Complaint verbatim. *See* Murphy Complaint at ¶¶ 1, 8-33.

## III.    LEGAL STANDARD

Motions to transfer venue are authorized by 28 U.S.C. § 1404(a), which allows such transfers "[f]or the convenience of parties and witnesses, in the interest of justice[.]" Even where venue is proper in a particular district, a district court has discretion to transfer a case "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts exercise broad discretion to adjudicate motions to transfer on an individualized, "case-by-case"

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

determination. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

"The purpose of 28 U.S.C. § 1404(a) 'is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'" *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1212 (S.D. Cal. 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Romoff v. Johnson & Johnson Consumer Inc.*, No. 22CV75-LL-WVG, 2022 WL 3905301, at *2 (S.D. Cal. Aug. 26, 2022) (same). Under § 1404(a), the Court applies a two-part test, first determining whether the transferee court is one where the action "might have been brought," then evaluating whether the convenience of the parties and witnesses, and the interests of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

Specifically, "[o]nce the Court has determined that this matter could have been brought in the proposed venue, it examines a number of different factors, including (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the convenience of the parties; (4) ease of access to evidence; (5) familiarity of each forum with the applicable law; (6) local interest in the controversy; and (7) the relative court congestion and time of trial in each forum." *Romoff*, 2022 WL 3905301, at *2 (citing *Jones*, 211 F.3d at 498-99).

These factors are interpreted broadly to allow the court to consider the particular facts of each case. *E&J Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994). No single factor is dispositive, (*Earth Island Inst. v. Quinn,* 56 F. Supp. 3d 1110, 1117 (N.D. Cal. 2014)), and ultimately, the decision to transfer lies within the sound discretion of the trial judge. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

Unlike the analysis under Section 1391, "a motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether

-10-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

and where' an action *may* be properly litigated. It relates solely to the question where, among two or more proper forums, the matter *should* be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.*, 270 F.Supp.2d 1189, 1193 (S.D. Cal. 2003) (Emphasis in original).

28 U.S.C. section 1404 sets no time limit on when a motion to transfer can be made, and courts hold that "none of the requirements for transfer can be waived by the parties[.]" *Rubio v. Monsanto Co.*, 181 F.Supp.3d 746, 760 (C.D. Cal. 2016) (*citing Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960)). Thus, a party is not precluded from bringing a motion to transfer venue after responding to a complaint, as courts have allowed parties to transfer venue many months after filing a responsive pleading. *See, e.g., Engel v. CBS, Inc*., 886 F.Supp. 728, 732 (C.D. Cal. 1995) (granting motion to transfer after answers filed).

## IV.   THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT COURT OF IDAHO

### A.   This Case Should Have Been Brought in the District Court of Idaho

Venue in this case was, and is, proper in the District of Idaho in the first instance. In deciding a motion to transfer venue, District Courts employ a two-step inquiry, first considering: (1) whether the case could have been brought in the forum which the moving party seeks to have the case transferred to, and then second, considering (2) whether the proposed forum is a more suitable venue based on the convenience of the parties and witnesses, as well as the interest of justice. *See Hatch*, 758 F.2d at 414.

As for the first step, 28 U.S.C. section 1391(b) provides that venue is proper in a judicial district based on the following pertinent determinations:

A civil action may be brought in—

-11-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Kochava is the only named defendant, and, as Plaintiff concedes, Kochava's principal place of business and its registered agent for service of process are located in Sandpoint, Idaho. FAC at ¶¶ 41 & 42. Thus, venue was and is proper in the judicial district for the District of Idaho under 28 U.S.C. section 1391(b)(1) and/or 28 U.S.C. section 1391(b)(3) as a judicial district where a defendant resides and where a defendant is subject to the personal jurisdiction of the Court.

**B.  The Relevant Public and Private Factors Weigh Heavily in Favor of Transfer**

Once venue is determined to be proper in the transferee district, "[t]he Court must consider public factors relating to 'the interest of justice' and private factors relating to 'the convenience of the parties and witnesses.'" 28 U.S.C. § 1404(a); *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Such factors include: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Hawkins*, 924 F. Supp. 2d at 1213; *Metz v. The United States Life Insurance Co. in the City of*

-12-

*New York*, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009). As discussed below, all of these factors weigh in favor of transfer to the District of Idaho.

### 1. Pendency of Three Other Similar and Related Cases in the District of Idaho Favors Transfer

Venue in the District of Idaho is proper because substantially similar actions are currently pending in the District of Idaho. "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Hawkins*, 924 F. Supp. 2d at 1214; *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09–cv–384, 2010 WL 743829, at *7 (S.D.Cal. Mar. 1, 2010) (internal quotations omitted). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir.1974) (citations omitted). "In addition ..., centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments." *Hawkins*, 924 F. Supp. 2d at 1214; (internal quotations omitted).

Here, three similar and related cases against Kochava are currently pending in the Idaho District Court. *See* Section II.A., *supra*. In fact, Plaintiff herein recites the allegations from two of the Idaho cases in his FAC verbatim. *See* FAC at ¶¶ 11, 12, 43-58, 86-105. As such, the transfer of this action to the District of Idaho will serve the interest of justice due to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments.

### 2. Convenience of the Parties Is Best Served by Transferring This Case to the District of Idaho

The convenience of the parties is also better served in the District of Idaho. Although Plaintiff alleges he is a resident of the State of California, he

-13-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   fails to allege that he resides in the Southern District. FAC at ¶ 35. To the

2   contrary, he alleges that he "regularly visits and conducts business in the

3   County of San Diego." *See id.* Further, Plaintiff concedes that Kochava is "a

4   Delaware corporation with its principal place of business [in] Sandpoint,

5   Idaho." *See id.* at ¶ 41. Other than a conclusory allegation that Kochava

6   "conducted business in the State of California, in the county of San Diego,"

7   Plaintiff fails to allege any specific instances of Kochava's business activities

8   in San Diego County. *See id.*

9        In fact, Kochava's presence in and connection to this forum related to the

10  operative facts of Plaintiff's claims is virtually nonexistent. Kochava does not

11  own or lease any real property in California, it does not have a corporate

12  mailing address or telephone number in San Diego County or California. *See*

13  Manning Decl. at ¶ 6. Kochava does not advertise through print media,

14  billboards, television, radio, or any other traditional form of advertising in

15  California. *Id.* None of Kochava's employees, records, or operations related to

16  Plaintiff's claims are located in the Southern District of California. Manning

17  Decl. at ¶¶ 6-10. Specifically, Kochava's offices are located in Idaho (which is

18  Kochava's Sandpoint headquarters), Portland, Oregon and Dublin, Ireland. *Id.*

19  at ¶ 6. All of Kochava's corporate decisions are made at its Sandpoint, Idaho

20  headquarters, including the development, marketing and operations of its two

21  primary business units – mobile advertising attribution unit and the Collective.

22  *Id.* at ¶ 7. The majority of Kochava's officers and directors are also located in

23  Kochava's headquarters in Sandpoint, Idaho. *Id.* Of the approximately 167

24  Kochava employees and personnel, the majority are based and/or located in

25  the District of Idaho. *Id.* at ¶ 9.

26       Additionally, the operative facts in the FAC—including, for example,

27  the allegations related to Kochava's SDK and the Collective—occurred in the

28  District of Idaho. Kochava's corporate decisions are made at its headquarters

-14-

in the District of Idaho, and its development, marketing and operations teams are based there too. *See id*. at ¶ 7. The decisions that influence the development, implementation, and operations of its services all occur in the District of Idaho. *See id*.

Overall, because Kochava's services at issue were themselves developed in the District of Idaho, and the actions and effects of Kochava that Plaintiff takes issue with have all occurred in the District of Idaho, transfer is appropriate for the convenience of the parties. *See, e.g., Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1091 (N.D. Cal. 2013) (granting transfer because key decisions regarding advertising of products were made by defendant's officers and employees in the transferee district.).

As a result, relocating this action to the District of Idaho does not shift convenience from one party to another, but merely opts for the most convenient forum for both parties, and transfer is proper under 28 U.S.C. § 1404(a).

### 3. Convenience to the Witnesses Is Best Served by Transferring This Case to the District of Idaho

In addition to serving convenience to the parties, the District of Idaho serves the convenience of potential witnesses. "In determining the convenience of the witnesses, the Court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Gherebi v. Bush*, 352 F.3d 1278, 1304 n.33 (9th Cir. 2003). In assessing this factor, courts consider not only the number of witnesses located in the respective districts, but also the nature and quality of the witnesses' testimony with respect to the issues of the case. *Hawkins*, 924 F. Supp. 2d at 1215.

The District of Idaho will be more convenient for almost every single witness—except for the putative class rep, Plaintiff Greenley. All of Plaintiff's claims center on either Kochava's SDK services or its Collective services. As

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-15-

discussed above, these services are developed, operated and implemented by Kochava's team in Sandpoint, Idaho. Thus, as a substantial amount of the facts of this case concerns activity in Idaho, so, too will a substantial amount of the witnesses at issue in the case, including, but not limited to, Kochava's current and former employees and its corporate officers and directors. Importantly, of the approximately 167 Kochava employees and personnel, the majority are based and/or located in Sandpoint, Idaho, including the majority of Kochava's officers and directors. Manning Decl., ¶ 9. None of Kochava's employees or personnel are located in this judicial district. *See id.*, ¶ 10. Thus, the convenience of potential witnesses is best served through transferring this matter to the District Court of Idaho.

### 4.     Plaintiff's Choice of Forum Should Be Disregarded

Plaintiff's choice of forum alone is not controlling in this matter. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (finding that Section 1404(a) accords broad discretion to district courts, and plaintiffs' choice of forum is only one relevant factor for their consideration). Though generally, a plaintiff's choice of forum receives deference in a motion to transfer venue (*Decker Coal Co.*, 805 F.2d at 843), in class actions, a plaintiff's choice of forum is often accorded less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987) ("Although great weight is generally accorded plaintiff's choice of forum ... when an individual ... represents a class, the named plaintiff's choice of forum is given less weight."). In part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district. *Roling v. E*Trade Sec., LLC*, 756 F.Supp.2d 1179, 1185–86 (N.D.Cal.2010); *Foster v. Nationwide Mut. Ins. Co.*, No. 07–04928, 2007 WL 4410408 at *2 (N.D.Cal. Dec. 14, 2007) ("Where forum-shopping is evident ... courts should disregard plaintiff's choice of forum."). Similarly, if the transactions giving rise to the action lack a

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO
TRANSFER VENUE [28 U.S.C. § 1404(a)]          CASE NO. 22-cv-01327

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) (a plaintiff's choice of forum commands less consideration where the operative facts have not occurred within the forum and the forum has no particular interest in the parties or subject matter).

The representative Plaintiff herein concedes that he does not reside in this District. *See* FAC at ¶ 35. Coupled with the fact that the courts routinely accord less weight to plaintiffs' choice of forum in class actions, the fact that Plaintiff does not even reside in this District, mandates disregarding Plaintiff's forum choice. *See Lou*, 834 F.2d at 739; *Roling*, 756 F.Supp.2d at 1185–86.

Ultimately, Plaintiff's case is predicated on the actions Kochava has or has not taken in the District of Idaho and as such, the events at issue have a greater connection to the Sandpoint, Idaho area, and not San Diego County. As such, Plaintiff's choice of forum is of little value, and should be disregarded for other factors in this analysis.

### 5.    Familiarity with Applicable Law

As discussed above, Plaintiff's FAC is a copycat lawsuit that parrots the FTC's allegations in the FTC Complaint, shoehorning them into his constitutional and California Penal Code claims. Although Plaintiff's FAC alleges claims under California law, the entire lawsuit arises out of the same claims alleged by the FTC against Kochava – Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), (n). In addition, three other lawsuits premised on similar factual allegations, including the FTC's Complaint, are already pending before the District of Idaho. *See* Section II.A., *supra*. As such, the Idaho District Court is fully capable of adjudicating this matter.

Moreover, "courts in [one state] are fully capable of applying [another state's] substantive law." *Metz*, 674 F.Supp.2d at 1148. In addition, "it seems likely '[t]he resolution of this action will depend less on expertise in

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE [28 U.S.C. § 1404(a)]                    CASE NO. 22-cv-01327

1   [California] law and more on the court's fact-finding function.'" *Hawkins*, 924
2   F. Supp. 2d at 1215 (quoting *Barnstormers, Inc. v. Wing Walkers, LLC*, No.
3   09cv2367, 2010 WL 2754249, at *3 (S.D.Cal. July 9, 2010)). As such, this
4   factor weighs in favor of transfer.

5              **6.      Local Interest in the Controversy**

6          The District of Idaho also has greater connection to the parties and to facts
7   of this case to justify transfer. "[T]he administration of justice is better served
8   when the action is litigated in the forum that encompasses the locus of operative
9   facts and thus may have a particular interest in the proper resolution of the
10  dispute." *United States ex rel. Cody*, CV 13-9173, 2016 U.S.Dist.LEXIS
11  194336, *14 (C.D. Cal. 2016) (*citing* Wright & Miller, 15 Federal Practice and
12  Procedure § 3854, at 360-61).

13         While this District may have an interest in protecting a resident plaintiff,
14  Plaintiff herein concedes he does not reside in this District. *See* FAC at ¶ 35.
15  Further, the District of Idaho has a greater connection to the operative facts and
16  a greater "interest in the proper resolution of the dispute." *United States ex rel.*
17  *Cody*, 2016 U.S.Dist.LEXIS 194336, at *14. Indeed, three other related cases are
18  already pending before the District of Idaho, with one case brought by a non-
19  Idaho resident. *See* Section II.A., *supra*. Furthermore, "the crux of the present
20  case lies not in California," "but in [Idaho], the state where [Kochava] is
21  headquartered." *See Hawkins*, 924 F. Supp. 2d at 1216. Thus, this factor weighs
22  heavily in favor of transfer.

23             **7.      Administrative Considerations**

24         Administrative considerations also weigh in favor of transfer. Three
25  related actions are proceeding before the District of Idaho (*see* Section II.A.,
26  *supra*), and transfer of this action would promote efficiency and fairness to the
27  litigants. *See Hawkins*, 924 F. Supp. 2d at 1217 (granting transfer on the grounds
28  that several other similar actions are proceeding before the transferee court).

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-18-

Because these three other cases will proceed in the District of Idaho, regardless of whether this case is transferred, if the Court were to deny transfer, the overall cost of litigation will be effectively doubled because this and the other suits will proceed independently. *See Hawkins*, 924 F. Supp. 2d at 1217 (granting transfer based on potential consolidation of actions to reduce litigation expenses). Thus, if the case remains in this District, both sides will incur significant attorneys' fees, discovery costs, and travel expenses that Section 1404(a) is designed to avoid. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (purpose is to prevent the waste of time, energy and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense). Transfer of this matter will not merely shift the burden of expense between the parties but, rather, will operate to significantly reduce the burden borne by all. Thus, this factor favors transferring the action to the District of Idaho.

### 8.   The Ease of Access to Evidence Is Greatly Enhanced in the District of Idaho

Finally, there is greater ease of access to sources of proof in the District of Idaho as most of the evidence at issue in this case is located at Kochava's corporate headquarters and on Kochava's servers. *See Leetsch v. Freedman*, 260 F.3d 1100, 1104-05 (9th Cir. 2001) (affirming transfer to forum where "most sources of evidence on the issues will likely be located."). Most of the evidence in this case, including documents and witnesses, are located in Idaho. *See* Manning Decl., ¶¶ 6-10. As such, this final factor weighs in favor of transfer, as does the remainder of the factors under the applicable test. Thus, the interests of justice are best served by transferring this case to the District of Idaho.

## V.   CONCLUSION

The District of Idaho is not only the most convenient forum for this case, it is the proper forum in the first instance given the allegations at issue

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   in the FAC and the geographic location of the lone defendant in this case.

2   Further, all the parties and claims at issue will find Idaho the better forum

3   based on the location of witnesses, documents, and things that will be

4   necessary to transport, examine, and analyze throughout litigation.

5   Importantly, three other related cases are already pending before the District

6   Court of Idaho, and therefore, the transfer of this action will promote

7   efficiency and fairness to the litigants, reduce litigation costs and expenses,

8   and will also avoid the possibility of inconsistent judgments.

9        Based on the foregoing, Kochava respectfully requests that this Court

10   transfer this case to the Northern Division of the District of Idaho.

11

12                                    Respectfully submitted,

13   Dated:  March 15, 2023           GORDON REES SCULLY
                                      MANSUKHANI, LLP
14

15                                    By:  */s/ Craig J. Mariam*
16                                         Craig J. Mariam
                                           Hazel Mae B. Pangan
17                                         Elena A. Kuzminova
                                           *Attorneys for Kochava Inc.*
18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-20-

<div style="writing-mode: vertical">
Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

                  */s/ Craig J. Mariam*
                  Craig J. Mariam

-21-