1  Joshua B. Swigart (SBN 225557)
2  Josh@SwigartLawGroup.com
   **SWIGART LAW GROUP, APC**
3  2221 Camino del Rio S, Ste 308
4  San Diego, CA  92108
   P: 866-219-3343
5  F: 866-219-8344

6  [Additional Counsel on Signature Page]
7  *Attorneys for Plaintiff David Greenley and The Proposed Class*

8

9              **UNITED STATES DISTRICT COURT**
10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  DAVID GREENLEY, individually and      No.: 22-cv-01327-BAS-AHG
    on behalf of others similarly situated,
13                                         Honorable Cynthia A. Bashant

14            Plaintiff,                   **PLAINTIFF'S OPPOSITION TO**
                                           **DEFENDANT'S MOTION TO**
15     vs.                                 **TRANSFER VENUE;**
                                           **MEMORANDUM OF POINTS**
16                                         **AND AUTHORITIES IN**
    KOCHAVA, INC.,                         **SUPPORT THEREOF**
17
              Defendant.
18                                         Hearing Date:  May 15, 2023
19                                         Courtroom:     12B

20                                         **NO ORAL ARGUMENT UNLESS**
21                                         **ORDERED BY THE COURT**

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................ 1

II.  STATEMENT OF FACTS ......................................................................... 1

    A.  FTC-Related Actions ...................................................................... 2

    B.  The Present Action .......................................................................... 2

    C.  Class Action in The District of Idaho ............................................ 3

III.  LEGAL STANDARD ................................................................................ 4

IV.  ARGUMENT .............................................................................................. 5

    A.  Venue is Proper Before the Southern District of California ...................... 5

    B.  The Balance of Public and Private Factors Weighs Heavily Against
        Transfer ............................................................................................ 6

        1.  Plaintiff's Choice of Forum is Entitled to Substantial Deference ... 6

        2.  The Convenience of the Parties and Witnesses Weighs Against
            Transfer ................................................................................. 9

        3.  Access to Evidence Does Not Merit Transfer ................................ 13

        4.  California Courts are Most Familiar with California Law ............ 14

        5.  A Later-Filed Class Action in the District of Idaho Does Not
            Weigh in Favor of Transfer ............................................................ 15

        6.  California has the Stronger Interest in the Controversy ............... 18

        7.  Administrative Considerations Do Not Merit Transfer ................. 18

    C.  Defendant's Motion to Transfer was Brought after Undue Delay .......... 19

V.  CONCLUSION .......................................................................................... 20

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                   <u>Page(s)</u>

*A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
  503 F. 2d 384 (9th Cir. 1974) ...................................................................18

*Adler v. McKee*,
  92 F. Supp. 613 (S.D.N.Y. 1950) .............................................................18

*Alul v. Am. Honda Motor Co., Inc.*,
  2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ...............................................8

*Amazon.com v. Cendant Corp.*,
  404 F. Supp. 2d 1256 (W.D. Wash. 2005) ...................................................4

*Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*,
  2006 WL 2868971 (S.D. Tex. Sept. 14, 2006) .............................................9

*Boateng v. General Dynamics Corp.*,
  460 F. Supp. 2d 270 (D. Mass. 2006)..........................................................8

*Callaway Golf Co. v. Corp. Trade, Inc.*,
  2010 WL 743829 (S.D. Cal. Mar. 1, 2010)............................................10, 14

*Clark v. Sprint Spectrum L.P.*,
  2010 WL 5173872 (N.D. Cal. Dec. 15, 2010) ...........................................11

*Commodity Futures Trading Comm'n v. Savage*,
  611 F. 2d 270 (9th Cir. 1979) .....................................................................4

*Continental Airlines, Inc. v. American Airlines, Inc.*,
  805 F. Supp. 1392 (S.D. Tex. 1992)............................................................9

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
  472 F. Supp. 2d 1183 (S.D. Cal. 2007) .....................................................10

*Ctr. For. Biological Diversity v. Kempthorne*,
  2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) .............................................4

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F. 2d 834 (9th Cir. 1986)..................................................................5, 6

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

*DePuy Synthes Sales Inc. v. Stryker Corp.*,

　2019 WL 1601384 (C.D. Cal. Feb. 5, 2019) ...........................................................14

*Echologics, LLC v. Orbis Intelligent Systems, Inc.*,

　2021 WL 5203283 (S.D. Cal. Nov. 9, 2021)..................................................4, 5, 11

*Eclipse IP LLC v. Volkswagen Group of Am., Inc.*,

　2013 WL 9935572 (C.D. Cal. 2013) ...................................................................13

*Florens Container v. Cho Yang Shipping*,

　245 F. Supp. 2d 1086 (N. D. Cal. 2002)................................................................3

*Forest Guardians v. Kempthorne*,

　2007 WL 2572287 (S.D. Cal. Sept. 5, 2007) .....................................................11

*Garlough v. Trader Joe's Co.*,

　2015 WL 4638340 (N.D. Cal Aug. 4, 2015) .........................................................8

*Gates Learjet Corp. v. Jensen*,

　743 F. 2d (9th Cir. 1984) ....................................................................................17

*Gates Learjet Corp. v. Jensen*,

　743 F. 2d 1325 (9th Cir. 1984) .............................................................................9

*Getz v. Boeing Co.*,

　547 F. Supp. 2d 1080 (N.D. Cal. 2008).............................................................13

*Grabowski v. Skechers U.S.A., Inc.*,

　2010 WL 11684850 (S.D. Cal. Nov. 4, 2010)....................................................16

*Hatch v. Reliance Ins. Co.*,

　758 F. 2d 409 (9th Cir. 1985) ...............................................................................4

*Hawkins v. Gerber Prods. Co.*,

　924 F. Supp. 2d 1208 (S.D. Cal. 2013) ..............................................................11

*Hawley v. Accor North America, Inc.*,

　552 F. Supp. 2d 256 (D. Conn. 2008) ................................................................12

*Hendricks v. StarKist Co.*,

　2014 WL 1245880 (N.D. Cal. Mar. 25, 2014) ...................................................11

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

*Heredia v. Sunrise Senior Living LLC*,

2018 WL 5734617 (N.D. Cal. Oct. 31, 2018) ............................................................7

*HollyAnne Corp. v. TFT, Inc.*,

199 F. 3d 1304 (Fed. Cir. 1999) ...........................................................................11

*Imran v. Vital Pharms., Inc.*,

2019 WL 1509180 (N.D. Cal. Apr. 5, 2019)...............................15, 17, 18

*In re Ferrero Litigation*,

768 F. Supp. 2d 1074 (S.D. Cal. 2011) .................................................. Passim

*In re Nine Mile, Ltd.*,

692 F. 2d 56 (8th Cir. 1982) ...................................................................................3

*Jernigan v. California Dept. of Corr. & Rehab*,

2011 WL 255798 (N.D. Cal. Jan. 24, 2011)......................................................3, 4

*Jones v. GNC Franchising, Inc.*,

211 F.3d 495 (9th Cir. 2000) ................................................................................5

*K-Tel International, Inc. v. Tristar Products, Inc.*,

169 F. Supp. 2d 1033 (D. Minn. 2001) ..................................................................9

*Lax v. Toyota Motor Corp*,

65 F. Supp. 3d 772 (N.D. Cal. 2014)................................................................8, 13

*Lundstrom v. Young*,

No.18-cv-2856-GPC, 2022 WL 15524624, at *5 (S.D. Cal. Oct. 27, 2022) ................4

*Los Angeles Memorial Commission v. National Football League*,

89 F.R.D. 497 (C.D. Cal. 1981)..............................................................................19

*Lou v. Belzberg*,

834 F. 2d 730 (9th Cir. 1987) ............................................................................6, 7

*Madani v. Shell Oil Co.*,

2008 WL 268986 (N.D. Cal. Jan. 30, 2008)...........................................................6

*Martin v. Glob. Tel*Link Corp*,

2015 WL 2124379 (N.D. Cal. May 6, 2015)...........................................................6

iii

*Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*,

  12-cv-911-IEG-WMC, 2012 WL 2068728 (S.D. Cal. June 8, 2012) ............................5

*Perez v. Performance Food Grp., Inc.*,

  2017 WL 66874 (N.D. Cal. Jan. 6, 2017)...................................................................13

*Piper v. Aircraft Co. v. Reyno*,

  454 U.S. 235 (1981) .............................................................................................3, 6

*Roling v. E\*Trade Sec., LLC*,

  756 F. Supp. 2d 1179 (N.D. Cal. 2010)......................................................................8

*Saleh v. Titan Corp*,

  361 F. Supp. 2d 1152 (S. D. Cal. 2005) ....................................................................18

*Sam Kholi Enters. v. Comsys Servs. Llc.*,

  2011 WL 13257533 (S.D. Cal. Oct. 3, 2011).........................................................6, 12

*Sapan v. Dyanmic Network Factory, Inc.*,

  2013 WL 12094829 (S.D. Cal. Nov. 25, 2013)...........................................................7

*Shultz v. Hyatt Vacation Mktg. Corp.*,

  2011 WL 768735 (N.D. Cal. Feb. 28, 2011)..............................................................17

*Shutte v. Armco Steel Corp.*,

  431 F. 2d 22 (3d Cir. 1970) .......................................................................................3

*Speed Trac Technologies, Inc. v. Estes Express Lines, Inc.*,

  567 F. Supp. 2d 799 (M.D.N.C. 2008)......................................................................17

*Stewart Org., Inc. v. Ricoh Corp.*,

  487 U.S. 22 (1988) ....................................................................................................4

*STX, Inc. v. Trik Stik, Inc.*,

  708 F. Supp. 1551......................................................................................................4

*Tuazom v. R.J. Reynolds Tobacco Co.*,

  433 F. 3d 1163 (9th Cir. 2006)...................................................................................6

*United States v. Google LLC*,

  2023 WL 2486605 (E.D. Va. Mar. 14, 2023)............................................................16

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

*Urista v. Wells Fargo & Co.*,
  2020 WL 7385847 (S.D. Cal. Dec. 16, 2020) .........................................................7, 13

*Walker v. Jon Renau Collection, Inc.*,
  423 F. Supp. 2d 115 ..............................................................................................12

*Williams v. Winco Foods, LLC*,
  2013 WL 211246 (E.D. Cal. Jan. 10, 2013) ..............................................................6


Statutes

15 U.S.C. § 45(a) .................................................................................................2, 15

15 U.S.C. § 45(a), (n) .................................................................................................15

15 U.S.C. § 45(n) .......................................................................................................2

15 U.S.C. § 53(b) .......................................................................................................15

28 U.S.C. § 1404(a).............................................................................................1, 3, 4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff David Greenley ("Plaintiff") files this Memorandum in Opposition to Defendant Kochava ("Defendant" or "Kochava")'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 19) ("Motion") because this action was filed in the Southern District of California, is comprised of California claims, provides for a putative class of California residents, and is brought by Plaintiff, a California resident.

## I.   INTRODUCTION

Defendant's Motion to Transfer Venue to the District of Idaho is premised on little more than the fact that Defendant hopes for a major advantage should this action be transferred to its home state. Defendant also hopes that this Court ignores reality: Plaintiff and putative class members are California residents who incurred injuries caused by Defendant's misconduct in California, giving rise to California state-law claims. This action is not suitable for transfer to the District of Idaho as Defendant has failed to meet its heavy burden for transfer, requiring that the balance of convenience of the parties be strongly in Defendant's favor. Instead, Plaintiff and the putative class would be substantially inconvenienced should this action be transferred to the District of Idaho as it would nearly deprive them of their day in court—requiring a foreign venue to determine California state-law claims brought by California residents.

The relevant factors weigh heavily against transferring this action to the District of Idaho, and the mere existence of filings in Defendant's home state (none of which include California state law claims) provides no support for Defendant's requested transfer. Substantial deference must be given to Plaintiff's chosen forum, the Southern District of California. Defendant's Motion must be denied as Defendant has failed to satisfy its heavy burden to transfer venue and the convenience of the parties requires this action remain in the Southern District of California. Plaintiff Respectfully requests this Court Deny Defendant's Motion.

/ / /

## II.   STATEMENT OF FACTS

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

## A. FTC-RELATED ACTIONS

On August 12, 2022, Kochava preemptively sought declaratory and injunctive relief against the Federal Trade Commission ("FTC") for Kochava's misconduct of intercepting consumer communications, surreptitiously collecting a wealth of private and sensitive information, and selling the information to Kochava's customers. *Kochava, Inc. v. Federal Trade Comission*, No. 2:22-cv-00349 (D. Idaho). Kochava filed the action in its home state, in the District of Idaho. *Id*.

On August 29, 2022, the FTC filed its complaint against Kochava, alleging the single cause of action of "Unfair Sale of Sensitive Data," pursuant to Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and 15 U.S.C. § 45(n), for Kochava's collection and sale of consumers' precise location information. *Federal Trade Commission v. Kochava*, No. 2:22-cv-00377-BLW (D. Idaho). The FTC's Complaint was filed in the District of Idaho. *Id*.

## B. THE PRESENT ACTION

Plaintiff initiated the present action on September 6th, 2022, in the Southern District of California. (Dkt. No. 1). Plaintiff filed the operative Amended Complaint on November 21st, 2022, stating causes of action almost exclusively under California state law ("Complaint"). (Dkt. No. 10). The Complaint provides for a Class of "California Residents," seeking remedies for violations of California state law, for injuries caused by Defendant's misconduct in California. *Id.* Despite the pending FTC actions in the District of Idaho, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on December 5th, 2022. (Dkt. No. 11). Defendant delayed filing the instant Motion for more than half a year—while the FTC actions were pending—until finally filing the instant Motion on March 15, 2023, as amended/corrected on March 20th, 2023 (Dkt. Nos. 19, 21).

/ / /

/ / /

## C. CLASS ACTION IN THE DISTRICT OF IDAHO

On February 1, 2023, a class action was filed in the District of Idaho, alleging causes of action of only (1) Unjust Enrichment; and (2) Violations of the Washington Consumer Protection Act. *Cindy Murphy v. Kochava, Inc.*, No. 2:23-cv-00058-REP (D. Idaho) ("Murphy Class Action"). While the Murphy Class Action defines its class to include "all persons in the United States," the causes of action and its subclass appear to focus merely on "all Class members who reside in the State of Washington." *Id.*, Dkt. No. 1, ¶¶ 34-35. The Murphy Class Action does not properly represent the interests of the putative class members here, nor does it seek an appropriate remedy under California state law claims available to Plaintiff and the putative class members.

## D. KOCHAVA'S CONNECTIONS TO CALIFORNIA

Where Kochava's Motion would have this Court believe Kochava has little to no connections with the State of California, this illusion could not be farther from the truth. In fact, Kochava registered as a Data Broker with the Attorney General of California back in 2020. *See* Declaration of Joshua Swigart ("Decl. Swigart") ¶ 3, **Exhibit A**. Likewise, a number of high-level Kochava employees, including the Global Director of Sales and Business development, the Chief Revenue Officer, and a product manager are residents of California while working for Kochava. *See* Decl. Swigart ¶¶ 8-11, **Exhibits F-I**. In fact, Kochava's own Facebook page advertised Kochava's attendance at the 2023 Game Developers Conference which was hosted in San Francisco, California. *See* Decl. Swigart ¶ 6, **Exhibit D**. Not only is Kochava a registered data broker in the State of California, employs a number of high-level employees who reside in California, and attends California events, but Kochava further partners with several California-based companies, including Facebook and Tealium (a San Diego based business). *See* Decl. Swigart ¶ 4, 7, **Exhibits B, E**. Furthermore, Kochava has worked toward California Consumer Privacy Act Compliance with its consent manager platform. *See* Decl. Swigart ¶ 4, **Exhibit B**.

///

Kochava has further had no issue with defending and even counterclaiming in litigation in California previously. Namely, in the Northern District of California case of *LiveRamp, Inc. v. Kochava, Inc.*, Case No. 19-cv-02158-CRB, Kochava fully defended itself in California without ever filing a motion to transfer to Idaho, and further filed its own counterclaim here in California.

## III.   LEGAL STANDARD

Motions to transfer venue are governed by 28 U.S. Section 1404(a), which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

In determining whether to transfer a case, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under Section 14040(a) unless the "convenience" or "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N. D. Cal. 2002). The presumption is that plaintiff's choice of forum is determinative. *Piper v. Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F. 2d 22, 25 (3d Cir. 1970)

"Transfer under § 1404(a) 'should not be freely granted.'" *Jernigan v. California Dept. of Corr. & Rehab*, No. C 09-5192 RS, 2011 WL 255798, at *2 (N.D. Cal. Jan. 24, 2011) (quoting *In re Nine Mile, Ltd.*, 692 F. 2d 56, 61 (8th Cir. 1982). "In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer." *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 155-56 (N.D. Cal. 1988). A district court has broad discretion to decide motions for transfers on an individualized basis—no one factor is dispositive. *Ctr. For. Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) *citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## IV.    ARGUMENT

"Transfer is warranted [under § 1404(a)] if: (1) the action could have originally been brought in the transferee court; and (2) convenience of the parties and witnesses in the interest of justice favors transfer." *Lundstrom v. Young*, No.18-cv-2856-GPC, 2022 WL 15524624, at *5 (S.D. Cal. Oct. 27, 2022) *citing Hatch v. Reliance Ins. Co.*, 758 F. 2d 409, 414 (9th Cir. 1985). Defendant bears a heavy burden to show, "by particular circumstances," that the balance of the factors favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F. 2d 270, 279 (9th Cir. 1979); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). "Transfer is not appropriate if it is sought as a matter of a defendant's mere preference for another forum or if transfer would merely shift inconvenience to another party." *Echologics, LLC v. Orbis Intelligent Systems, Inc.*, No. 21-cv-01147-BAS-AHG, 2021 WL 5203283, at *4 (S.D. Cal. Nov. 9, 2021).

Transfer to the District of Idaho is not warranted here. While venue exists in the District of Idaho, the Southern District of California is the proper venue for this action. Furthermore, Defendant has failed to satisfy its heavy burden to show that transfer to the District of Idaho is appropriate as the balance of the public and private factors weighs heavily against transfer. Instead, Defendant's Motion must be denied as Defendant is merely attempting to shift the inconvenience to Plaintiff by seeking to transfer this action to the District of Idaho, despite Defendant's wrongdoing in the State of California, against California residents, giving rise to California claims.

/ / /

/ / /

## A. VENUE IS PROPER BEFORE THE SOUTHERN DISTRICT OF CALIFORNIA

As described above, the first step in evaluating whether a transfer of venue is proper is to determine whether the transferee court is one where the action "could have been brought." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12-cv-911-IEG-WMC, 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012). However, the

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

simple fact that venue *also* exists in Idaho does not render venue improper in this District. *Id.* Kochava claims not only that the District of Idaho is a proper venue, but that Plaintiff's action *should have* been brought there. [Motion, Dkt. 21-1, at 11–12]. Kochava fails to acknowledge that venue is proper before this District, and that this District is the appropriate venue for this action—the California claims here concern Kochava's conduct within the State of California and wrongdoing against California residents, including Plaintiff and the putative class. While the Southern District of California is the appropriate venue for this action, venue exists in the District of Idaho; therefore, the Court must consider the convenience and justice factors, which plainly weigh against transfer.

**B. THE BALANCE OF PUBLIC AND PRIVATE FACTORS WEIGHS HEAVILY AGAINST TRANSFER**

Where venue exists in either district, "the Court must consider public factors relating to the interest of justice and private factors relating to the convenience of the parties and witnesses." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). These factors include: "(1) the plaintiff's choice of forum, (2) convenience of the parties [and] convenience of the witnesses, [3] ease of access to the evidence, [4] familiarity of each forum with the applicable law, [5] feasibility of consolidation of other claims, [6] local interest in the controversy, and [7] relative court congestion and time to trial in each forum." *Echologics LLC v. Orbis Intelligent Sys., Inc.*, No. 21-cv-01147-BAS-AHG, 2021 WL 5203283, at *4 (S.D. Cal. Nov. 9, 2021) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel*Link* Corp, No. 15-CV-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015). None of these factors favor transfer. Accordingly, Plaintiff's choice of forum—his home forum—is entitled to deference, and Defendant's motion should be denied.

**1. Plaintiff's Choice of Forum is Entitled to Substantial Deference**

1   A strong presumption exists in favor of a plaintiff's choice of forum. *Piper*
2   *Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). "[T]he plaintiff's choice of forum is
3   usually accorded substantial deference in the venue analysis." *Sam Kholi Enters. v.*
4   *Comsys Servs. Llc.*, No. 11-cv-970 W (NLS), 2011 WL 13257533, at *6 (S.D. Cal. Oct.
5   3, 2011). This deference is "particularly strong where the plaintiff has chosen his home
6   forum." *Id*; *see In re Ferrero Litigation*, 768 F. Supp. 2d 1074, 1078-79 (S.D. Cal.
7   2011). The defendant must make a "strong showing of inconvenience to warrant
8   upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison*
9   *Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). The Ninth Circuit has confirmed that "a plaintiff
10  need not select the optimal forum for his claim, but only a forum that is not so oppressive
11  and vexatious to the defendant 'as to be out of proportion to plaintiff's convenience.'"
12  *Tuazom v. R.J. Reynolds Tobacco Co.*, 433 F. 3d 1163, 1180 (9th Cir. 2006).

13  Generally, courts provide less weight to a Plaintiff's choice of forum in a class
14  action. *Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987). However, the mere existence
15  of a class action only lessens the weight of plaintiff's selected forum when there are
16  many potential class members that reside outside of the selected forum. *Madani v. Shell*
17  *Oil Co.*, No. C07-04296 MJJ, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008);
18  *Williams v. Winco Foods, LLC,* Case. No. CV-02690, 2013 WL 211246, at *3 (E.D.
19  Cal. Jan. 10, 2013).

20  There is no dispute that Plaintiff is a California resident, "regularly visits and
21  conducts business" in this district, regularly uses his mobile phone in this district,
22  accessed the implicated mobile phone applications in this district, and had his privacy
23  invaded by Kochava in this district. FAC ¶¶ 30, 35-40, 67. Venue is, of course, proper
24  in this district. *See e.g., Sapan v. Dyanmic Network Factory, Inc.*, No. 13-cv-1966-
25  MMA-WVG, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) (finding the district
26  where Plaintiff received the phone call to be a proper venue in a TCPA case).

27  Kochava's contention that Plaintiff's choice is entitled to no weight as a class
28  representative is mistaken. Kochava ignores that, when courts take class status into

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

account, it is because the named plaintiff has **no connection** to the forum and likely engaged in forum shopping. Motion at 16 (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). *Lou* explains that, "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and [defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action." *Id.* Indeed, the determining factor in *Lou* was that the chosen forum lacked significant connections to the litigation—the relevant transactions had occurred in New York. *Id.* Absent such evidence, a class action plaintiff's choice of venue is "entitled to deference." *See Urista v. Wells Fargo & Co.*, No. 20-cv-01689-H-AHG, 2020 WL 7385847, at *2-3 (S.D. Cal. Dec. 16, 2020) ("[E]ven though this is a class action, [the plaintiff's] choice is entitled to deference because there is no evidence that [the plaintiff] engaged in forum shopping and both [the plaintiff] and [the defendants] have significant contacts with the [forum], including those that gave rise to this action.") (internal quotations omitted).

Furthermore, it matters not that Plaintiff is a resident of California outside this district. Motion at 16-17. "[C]ourts routinely consider the location and concentration of putative class members in deciding motions to transfer," and courts still accord "the plaintiffs' choice of forum . . . **significant weight**, so long as the named plaintiffs actually reside in **or have some connection** to the chosen forum." *Heredia v. Sunrise Senior Living LLC*, No. 18-CV-00616-HSG, 2018 WL 5734617, at *5 (N.D. Cal. Oct. 31, 2018) (emphasis added).

/ / /

/ / /

Here, as noted above, Plaintiff is a resident of California, regularly works in this District, and was injured in this District. FAC ¶¶ 30, 35-40. Plaintiff also seeks to represent a putative class—which is not a nation-wide class but is solely limited to California residents. *Id.* ¶ 138. These are meaningful connections to this District and jurisdiction. *See Garlough v. Trader Joe's Co.*, No. 15-cv-01278-TEH, 2015 WL

8

4638340, at *3 (N.D. Cal Aug. 4, 2015) ("[E]ven in class actions where the named plaintiffs represent members in other districts, the plaintiffs' choice of forum is given 'significant' weight, so long as the named plaintiffs actually reside in or have some connection to their chosen forum."); *Lax v. Toyota Motor Corp*, 65 F. Supp. 3d 772, 778 (N.D. Cal. 2014) ("Plaintiffs' and defendants' significant contacts with the forum related to the claims in the Complaint give weight to plaintiffs' choice of forum, despite the fact that this is a class action.").

To be sure, Kochava acknowledges that the reduced weight on plaintiff's choice of forum in class actions "serves as a guard against the dangers of forum shopping." Motion at 16 (citing *Roling v. E\*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1185–86 (N.D. Cal. 2010)). But there are no allegations of forum shopping, let alone credible supporting evidence, for obvious reasons—Plaintiff was injured and works in this District, seeks to represent a California class, and brings claims exclusively under California law. This is not forum shopping by any standard. *See Alul v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2016 WL 7116934, at *3 (N.D. Cal. Dec. 7, 2016) ("[A]ttempting to achieve tactical advantage in the choice of a forum . . . is a perfectly legitimate goal in an adversarial system of justice, so long as Plaintiffs are not trying to escap[e] a prior unfavorable ruling in its own case."). Thus, Plaintiff's choice of forum is entitled to substantial deference.

### 2.  The Convenience of the Parties and Witnesses Weighs Against Transfer

In evaluating this factor, courts look "at the number of potential witnesses located in both the transferor and transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." *Boateng v. General Dynamics Corp.*, 460 F. Supp. 2d 270, 275 (D. Mass. 2006). The "increased speed and ease of travel and communication" means that no forum is "as inconvenient today" as it previously may have been. *Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1336 (9th Cir. 1984). "[A] transfer should not be granted if the effect is simply to shift the

1  inconvenience to the party resisting the transfer." *K-Tel International, Inc. v. Tristar*
2  *Products, Inc.*, 169 F. Supp. 2d 1033, 1045 (D. Minn. 2001).

3       The court should afford less weight to the inconvenience of *party witnesses* as
4  they can be compelled to testify regardless of the forum in which the lawsuit is
5  ultimately litigated. *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, No. C
6  06-2469 CW, 2006 WL 2868971, at *6 (S.D. Tex. Sept. 14, 2006) ("The Court reiterates
7  that the convenience of key witnesses who are employees of the defendant requesting
8  transfer is 'entitled to less weight because that party will be able to compel their
9  testimony at trial'" *quoting Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.
10  Supp. 1392, 1397 (S.D. Tex. 1992)).

11       Where Kochava conclusively argues that it would be granted greater convenience
12  if it were allowed to litigate this matter closer to its principal place of business (*See*
13  Motion at 14-15), Kochava fails to point to any particular facts that illustrate Kochava's
14  Motion seeks to do anything more than shift the inconvenience to Plaintiff and the
15  putative class. Specifically, the fact that Kochava's *party witnesses*, or personnel,
16  officers, and directors, are located in Idaho provides little weight for transferring this
17  action to the District of Idaho—any party witness can be compelled to testify regardless
18  of the forum in which the lawsuit is ultimately litigated. *See Applied Elastomerics, Inc.*,
19  No. C 06-2469 CW, 2006 WL 2868971, at *6. Kochava easily can absorb the minimal
20  inconvenience (if any) that proceeding in this forum might impose.

21       Kochava claims it is "better served in the District of Idaho" because Plaintiff does
22  not affirmatively allege that he resides in this District, and Kochava's connections to
23  this forum "related to the operative facts of Plaintiff's claims" are "virtually
24  nonexistent." Motion at 13–15. As a threshold matter, Kochava concedes that Plaintiff
25  is a resident of California who has alleged that he regularly visits and conducts business
26  in this District. FAC at ¶ 35; Motion at 13. Plaintiff's allegations demonstrate that
27  Plaintiff has sufficient contacts with the forum such that it is convenient to Plaintiff.
28  But, in any event, "[a] defendant wishing to transfer an action must show that the burden

10

1   on the plaintiff, if the action is transferred, is less than the burden on defendant if the

2   action is not transferred." *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09cv384 L(POR),

3   2010 WL 743829, at *6 (S.D. Cal. Mar. 1, 2010). Importantly, "transfer is inappropriate

4   where it would merely shift rather than eliminate the inconvenience." *Costco Wholesale*

5   *Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007). Kochava

6   cannot make such a showing, because there is no doubt that litigating in Idaho will

7   impose on Plaintiff a much greater burden than that Kochava will experience by

8   proceeding in this forum.

9          Kochava argument focuses almost singularly on the strength of its connections

10  to the District of Idaho, contending only that it does not have a corporate mailing

11  address or telephone number in California, advertise in California, or employ anyone in

12  California. Motion at 14–15. Incredibly, Kochava claims that "the actions and effects

13  of Kochava that Plaintiff takes issue with have all occurred in the District of Idaho." *Id.*

14  at 15. But Kochava's argument ignores the nature of its product and business model, as

15  well as Plaintiff's well-pled allegations. *See also*, Decl. of Swigart.

16         Plaintiff plainly alleges that Kochava tracked and monitored his movements

17  through applications installed on his personal cellular telephone, only to turn around

18  and sell that data. FAC at ¶¶ 39, 50, 59, 75–80, 84–85. Not only does Kochava—a

19  corporation that surreptitiously collects personal data from individuals nationwide and

20  sells that data to individuals and businesses nationwide—do business in this District,

21  the effects of Kochava's unlawful actions underlying the claims at issue were suffered

22  by Plaintiff and thousands (if not millions) of putative class members who also reside

23  in this District. *Id.* at ¶¶ 49, 53, 95–102. While it may be true that Kochava is

24  headquartered in Idaho and has substantial contacts with other districts, "this argument

25  fails to recognize that this factor considers the parties' contacts with the forum, not

26  whether those contacts are unique or whether the parties have contacts with other

27  forums." *In re Ferrero*, 768 F. Supp. 2d at 1080; *see Forest Guardians v. Kempthorne*,

28

11

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

No. 06-CV-02560-L(LSP), 2007 WL 2572287, at *4 (S.D. Cal. Sept. 5, 2007) ("[V]enue is not limited to the district where the most substantial events occurred.").

Kochava likewise argues that the District of Idaho best serves the convenience of potential witnesses because the majority of its employees are located in that district. Motion at 15–16. But when considering this factor, it is the convenience of third-party witnesses—not party witnesses—on which courts focus. *See In re Ferrero*, 768 F. Supp. 2d at 1080 (citing *HollyAnne Corp. v. TFT, Inc.*, 199 F. 3d 1304, 1307 n.2 (Fed. Cir. 1999) (stating that the location of employees "is not as important a factor as it would be if they were not under the [party's] control")). The party seeking transfer also must identify potential witnesses by name and describe their testimony. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013); *Clark v. Sprint Spectrum L.P.*, No. C 10-03625 SI, 2010 WL 5173872, at *3 (N.D. Cal. Dec. 15, 2010).

Here, however, Kochava fails to name a single third party who would be inconvenienced if required to testify in this District, much less one outside this Court's subpoena power. *See* Motion at 15–16; *Echologics*, No. 21-cv-01147-BAS-AHG, 2021 WL 5203283, at *6 ("a district court may compel attendance through the issuance of a subpoena at any place within the district of the court by which it is issued or at any place within 100 miles of where the deposition, trial, or hearing is being held"). Kochava, in fact, fails to identify a single witness or describe the nature of any witness's testimony beyond vague references to its employees and corporate officers. *See* Motion at 16. Kochava has plainly failed to meet its burden. "Essentially, [Kochava] argues that having to transport its own testifying employees to California will be highly inconvenient and costly to the company. However, this [is not] a sufficient reason to justify transfer[.]" *Hendricks v. StarKist Co.*, No. 13-cv-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014).

Kochava's myopic focus on its connections to the District of Idaho betrays its true motive for seeking transfer: it would be easier for Kochava to litigate in the District of Idaho. But it undoubtedly would be more difficult for Plaintiff, a California resident,

to litigate in the District of Idaho than for Kochava, a corporate entity, to litigate in this District. Indeed, were proceeding in this forum truly inconvenient, Kochava would have requested transfer shortly after the filing of the original complaint, rather than in the midst of costly and time-intensive motion practice. Kochava's Motion should be seen for what it truly is—a transparent ploy to further delay this litigation and shift convenience in its favor. The convenience of the parties and witnesses weigh against transfer here and Kochava is very familiar with California.  *See* Decl. Swigart.

### 3.  Access to Evidence Does Not Merit Transfer

While the location of documentary evidence is relevant to the transfer analysis, this factor becomes less important with advances in technology and transportation. *Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 118 n. 3 (S.D.N.Y. 2005) ("The location of documents, is neutral in today's era of photocopying, fax machines, and Federal Express.") (internal quotations omitted); *Hawley v. Accor North America, Inc.*, 552 F. Supp. 2d 256, 259 (D. Conn. 2008) ("Although the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage often deprive this issue of practical or legal weight"). "The Court agrees that the burden of producing documents warrants little weight in the transfer analysis, and in any case, both parties are likely to hold documentary evidence necessary to resolution of the matter at hand. Thus, the ease of access to evidence favors neither venue." *Kholi Enters.*, No. 11-cv-970 W (NLS), 2011 WL 13257533, at *7 (S.D. Cal. Oct. 3, 2011).

Kochava argues that transfer is justified in order to ease access to documentary evidence supposedly located in Idaho. It argues that "most of the evidence at issue in this case is located at Kochava's corporate headquarters and on Kochava's servers." Motion at 19. However, this is not a case that requires examination of immovable objects at a fixed location. All of the pertinent documentary evidence, including electronic data and code, exists in electronic form such that the location of the facility from which the data is derived is inconsequential. As courts in the Ninth Circuit recognize, "in this type of case where electronic discovery is the norm (both for

electronic information and digitized paper documents), ease of access is neutral given the portability of the information." *Lax. v. Toyota Motor Corp*, 65 F. Supp. 3d 772, 780 (N.D. Cal. 2014); *Perez v. Performance Food Grp., Inc*., No. 15-cv-02390-HSG, 2017 WL 66874 at *4 (N.D. Cal. Jan. 6, 2017) (noting that "technological developments have reduced the burden of retrieving and transporting documents, which has diminished the importance of this factor in the transfer analysis.").

Beyond that, Kochava "fails to show with particularity the location, difficulty of transportation, and importance of this evidence." *Eclipse IP LLC v. Volkswagen Group of Am., Inc.*, 2013 WL 9935572, at *6 (C.D. Cal. 2013). Absent such evidence, Kochava cannot meet its high burden on a motion to transfer venue. Instead, there exists substantially greater access to evidence in California, namely Kochava's violations of California laws, in California, and the damages sustained by Plaintiff and the putative class for Kochava's wrongdoings. Thus, access to evidence is neutral at best and does not weigh in favor of transfer.

### 4. California Courts are Most Familiar with California Law

A California district is indisputably more familiar with California law than districts in other states. *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008).

Plaintiff's claims are brought exclusively under California's statutory and common laws governing consumer privacy. These California class claims have no connection to Idaho beyond Kochava's domicile. The Court's familiarity with California law and California's interest in having a federal court sitting in California—as opposed to a distant federal court—interpret California's privacy statutes likewise weighs against transfer. *See Urista v. Wells Fargo & Co.*, No. 20-CV-01689-H-AHG, 2020 WL 7385847, at *3 (S.D. Cal. Dec. 16, 2020) ("this case primarily deals with California law, with which this Court is likely to be more familiar"); *DePuy Synthes Sales Inc. v. Stryker Corp.*, No. 18 CV 1557, 2019 WL 1601384, at *5 (C.D. Cal. Feb. 5, 2019) (recognizing that this factor weighed slightly against transfer because "this

district is more familiar with the state laws underlying the California claims."). Indisputably, the Southern District of California's familiarity with California law weighs against transfer to the District of Idaho.

### 5. A Later-Filed Class Action in the District of Idaho Does Not Weigh in Favor of Transfer

Kochava's transfer bid is premised primarily (if not entirely) on the pendency in the District of Idaho of three other actions challenging aspects of Kochava's privacy practices: (1) Kochava's action against the Federal Trade Commission ("FTC"); (2) the FTC's action against Kochava; and (3) a class action brought by a Washington resident. *See Kochava, Inc. v. Federal Trade Commission*, No. 2:22-cv-00349-BLW (D. Idaho); *Federal Trade Commission v. Kochava, Inc.*, No. 2:22-cv-00377-DCN (D. Idaho); *Murphy v. Kochava, Inc.*, No. 2:23-cv-00058-BLW (D. Idaho). Pointing to those cases, Kochava claims that this case must be transferred in order to facilitate "the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments." Motion at 13. However, the mere fact that Kochava is facing other litigation in the District of Idaho does not support (let alone mandate) transfer. If that were the standard, virtually every defendant could derail nearly any case by pointing to some other arbitrary venue to move it.

While an "important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum," that is only so if consolidation of those actions is "*feasible*." *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09cv384 L(POR), 2010 WL 743829, at *7 (S.D. Cal. Mar. 1, 2010); *see also In re Ferrero*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011). That most certainly is not the case with respect to the FTC actions, which involve factual and legal matters distinct from those at issue in the instant case.

Where Defendant's Motion specifically indicates that the "feasibility of consolidation with other claims" is a relevant factor to its Motion (Motion, pg. 12, lns. 24-25), Defendant wholly fails to state whether transfer to the District of Idaho would

1  enable consolidation. Without any support for the feasibility of consolidation, the Court
2  should provide little weight to the existence of pending matters in the District of Idaho.
3  Accordingly, this factor weighs against transfer.

4  Kochava repeats its argument that the prospect of consolidation mandates
5  transfer, which fails for the reasons discussed above. "[P]ossible consolidation . . . is
6  not independently dispositive." *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST,
7  2019 WL 1509180, at *7 (N.D. Cal. Apr. 5, 2019). Here, the Idaho actions are "not
8  further along" than the instant action, "which would weigh in favor of transfer." *Id.* The
9  lone consumer class action was filed on February 1, 2023 (Dkt. 21-6), nearly five
10  months ***after*** this action was filed on September 6, 2022 (Dkt. 1), and does not implicate
11  California law. The FTC action against Kochava—which also does not involve
12  California law and is not a consumer class action—was filed on August 29, 2022 (Dkt.
13  21-5), mere days before this action.

14  In its action against the FTC, Kochava seeks a declaration that: (1) the FTC's
15  structure violates Article II of the Constitution by providing improper insulation from
16  the president, and Kochava's due process rights would be violated through any
17  administrative proceeding; (2) Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) only
18  authorizes the FTC to seek injunctive relief for past conduct that has ceased absent
19  evidence that it is unlikely to recur; and (3) Kochava's practice of data collection is not
20  an "unfair . . . act or practice" within the meaning of Section 5 of 15 U.S.C. § 45(a). *See*
21  *Kochava, Inc. v. Federal Trade Commission*, No. 2:22-cv-00349-BLW, Dkt. 1 (D.
22  Idaho Aug. 12, 2022). And in the FTC's action against Kochava, the FTC seeks
23  injunctive relief arising from violations of Section 5 of 15 U.S.C. § 45(a), (n). *See*
24  *Federal Trade Commission v. Kochava, Inc.*, No. 2:22-cv-00377-DCN, Dkt. 1 (D.
25  Idaho Aug. 29, 2022).

26  Plaintiff, on the other hand, seeks damages in addition to injunctive relief, and
27  seeks redress only for Kochava's violations of California law. *See* Dkt. 10, First
28  Amended Class Action Complaint ("FAC") (Counts I-VIII). Given that the FTC actions

and Plaintiff's action advance qualitatively different legal theories, the FTC actions are not ripe for consolidation with the instant case, nor does Kochava suggest they are. *See, e.g.*, *United States v. Google LLC*, No. 1:23-cv-108 (LMB/JFA), 2023 WL 2486605, at *6 (E.D. Va. Mar. 14, 2023) (denying motion to transfer antitrust action brought by the Department of Justice and various states to forum where a related consolidated antitrust action is pending, citing congressional intent to prevent enforcement actions from becoming "bogged down with related private suits"). Indeed, while the conduct underlying the FTC actions and Plaintiff's action may overlap, discovery will necessarily entail separate and distinct factual inquiries due to the divergence in legal theories and applicable standards.

Nor does the existence of *Murphy*—a later-filed copycat action—weigh in favor of transfer. First, because *Murphy* brings divergent claims on behalf of an altogether different class, consolidation is not likely to be feasible. *See, e.g.*, *Grabowski v. Skechers U.S.A., Inc.*, No. 10cv1300 JM(WVG), 2010 WL 11684850, at *2 (S.D. Cal. Nov. 4, 2010) (denying motion to consolidate two class actions where the plaintiffs asserted different legal theories based on the same underlying conduct by the defendant). Second, *Murphy* was filed only recently, on February 1, 2023, long after Plaintiff commenced this action and months after the parties fully brief Kochava's motion to dismiss. *See* Dkt. 1; Dkt. 17. *Murphy* thus is of no moment because "the first-to-file rule, gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *In re Ferrero*, 768 F. Supp. 2d at 1082 (quotations omitted). Indeed, courts have applied the first-filed rule in refusing to transfer venue where similar class actions were filed in the transferee court as few as three weeks after the case in the transferor court commenced. *See, e.g., id.* at 1081–82 (denying defendant's motion to transfer venue where case at issue was filed before the action pending in the transferee court).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1    Plaintiffs' action is the first-filed civil action, and brings claims and legal theories

2    distinct from those at issue in *Murphy* and the FTC actions. Accordingly, this factor

3    weighs against transfer.

4    **6.  California has the Stronger Interest in the Controversy**

5    Kochava asks the Court to override California's interest in protecting its

6    residents. Because Plaintiff regularly works in this District, was injured in this District,

7    resides in California, and seeks to apply California law, this Court has the stronger

8    interest in Plaintiff's claims.

9    To be clear, while Idaho has an interest in regulating businesses headquartered

10   within its borders, California "has a countervailing interest in protecting local residents

11   from those practices." *Imran v. Vital Pharms.*, Inc., No. 18-CV-05758-JST, 2019 WL

12   1509180, at *6 (N.D. Cal. Apr. 5, 2019). "All of [Plaintiff's] claims for damages are

13   brought ***under California law*** on behalf of a putative ***class of California consumers***."

14   *Id.* (emphasis added). "As compared to the District of [Idaho], this Court is a more

15   appropriate venue for adjudication of these claims." *Id.*; *see also Shultz v. Hyatt*

16   *Vacation Mktg. Corp.*, No. 10-CV-04568-LHK, 2011 WL 768735, at *5 (N.D. Cal. Feb.

17   28, 2011) ("Simply because Hyatt determines policies or makes compensation decisions

18   in Florida does not negate the local impact of those decisions when they are

19   implemented elsewhere."). Accordingly, this factor weighs against transfer.

20   **7.  Administrative Considerations Do Not Merit Transfer**

21   The factor of court congestion considers "whether a trial will be speedier in

22   another forum because of a less crowded docket." *Gates Learjet Corp. v. Jensen*, 743

23   F. 2d 132, 1337 (9th Cir. 1984). The most relevant metrics of court congestion are the

24   median time from filing to disposition, the median time from filing to trial, caseload per

25   judge, and number of civil cases more than three years old. *Speed Trac Technologies,*

26   *Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 805 (M.D.N.C. 2008). "The

27   feasibility of consolidation is a significant factor in a transfer decision." *A.J. Indus., Inc.*

28   *v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F. 2d 384, 386-87 (9th Cir. 1974).

The federally published statistics of December 2022 illustrate that the average pending caseload per judge in the U.S. Southern District of California is 443 cases, while the average pending caseload in the District of Idaho is 545 cases.[1] Furthermore, the median time from filing a case to its disposition in the U.S. Southern District of California is 8.2 months, while the median time from filing to disposition in the District of Idaho is 11.3 months.[2] The statistics speak for themselves: the relative court congestion of the District of Idaho would cause undue and unnecessary delay in the disposition of this case were it transferred.

Further, Kochava speculates that the cost of litigation will be "effectively doubled" if this action is not transferred. Not so. Even assuming consolidation is likely (it is not) and the relevant laws and facts overlap in all three actions, then Kochava can easily produce the same documents in all actions without difficulty and repurpose its written discovery responses. What is more, "even if the actions are not consolidated in one forum for all purposes, multi-district coordination remains an option." *Imran*, 2019 WL 1509180, at *8. And at minimum, counsel for Plaintiff is willing to informally coordinate discovery with counsel in the Idaho actions.

## C. DEFENDANT'S MOTION TO TRANSFER WAS BROUGHT AFTER UNDUE DELAY

A motion to transfer venue may be denied because the "defendants unduly delayed in bringing the motion to transfer." *Saleh v. Titan Corp*, 361 F. Supp. 2d 1152, 1168 (S. D. Cal. 2005). "Although section 1404(a) sets no limit on the time at which a transfer motion may be made, the passage of time is a factor to be considered." *Adler v. McKee*, 92 F. Supp. 613 (S.D.N.Y. 1950). "Delays of five months have induced courts to refuse transfers that might otherwise have been granted" *Los Angeles Memorial Commission v. National Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981).

---

[1] Federal Court Management Statistics, December 2022 (U.S. District Courts – Combined Civil and Criminal), https://www.uscourts.gov/file/63494/download, last accessed April 13th, 2023.
[2] *Id*.

1   This action has been pending before the Southern District of California since
2   September 6th, 2022, when Plaintiff filed the original complaint. (Dkt. No. 1). At this
3   time, there already existed a pending FTC action in the District of Idaho whereas
4   Kochava filed its preemptive declaratory and injunctive lawsuit against the FTC on
5   August 12, 2022, and the FTC filed its Complaint against Kochava on August 29th,
6   2022. Since the outset of this action, Kochava had the opportunity to file a motion to
7   transfer venue; nonetheless, Kochava filed its Motion to Dismiss Plaintiff's Amended
8   Complaint on December 5th, 2022. (Dkt. No. 11). Kochava failed to file its instant
9   Motion until March 15th, 2023, as amended/corrected on March 20th, 2023 (Dkt. Nos.
10  19, 21). Kochava wrongly delayed filing its Motion to transfer venue for more than half
11  a year since the initiation of this action. Kochava's instant Motion was therefore brought
12  after undue delay and should be denied on this basis alone.

## V.    CONCLUSION

14  Defendant's Motion must be denied as Defendant has failed to satisfy its heavy
15  burden, requiring that the balance of convenience of the parties be strongly in
16  Defendant's favor. The convenience of the parties requires that this action remain in the
17  Southern District of California as the relevant factors weigh heavily against transfer to
18  the District of Idaho. Plaintiff respectfully Request this Court deny Defendant's Motion,
19  thereby protecting the interests of Plaintiff and the putative class in pursuing its
20  California state law claims before this Court.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1 | Dated: April 14, 2023                    Respectfully submitted,

2

3 | By: */s/ Joshua Swigart Esq.*
    **SWIGART LAW GROUP**

4 | 2221 Camino del Rio S, Ste 308
    San Diego, CA 92108

5 | Telephone: 866-219-3343

6 | Facsimile: 866-219-8344
    Josh@SwigartLawGroup.com

7

8 | Daniel O. Herrera
    Nickolas J. Hagman

9 | **CAFFERTY CLOBES MERIWETHER**

10 | **& SPRENGEL LLP**
     135 S. LaSalle, Suite 3210

11 | Chicago, Illinois 60603

12 | Telephone: (312) 782-4880
     Facsimile: (312) 782-4485

13 | *dherrera@caffertyclobes.com*

14 | *nhagman@caffertyclobes.com*

15 | John J. Nelson (SBN 317598)

16 | **MILBERG COLEMAN BRYSON**
     **PHILLIPS GROSSMAN**

17 | 280 South Beverly Drive

18 | Beverly Hills, CA 90212
     Telephone: 619-209-6941

19 | jnelson@milberg.com

20

21 | *Attorneys for Plaintiff and*
     *the Proposed Class*

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 14, 2023, a true and correct copy of the above document was filed electronically using the Court's CM/ECF electronic filing system, and was thereof served to all counsel of record pursuant to Civil Local Rule 5.4.

_/s/ Joshua Swigart, Esq._
Joshua Swigart.