Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
SWIGART LAW GROUP, APC
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

[Additional Counsel on Signature Page]
*Attorneys for Plaintiffs David Greenley, Shahnaz Zarif,
and Sheri Bate and The Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID GREENLEY, SHAHNAZ ZARIF, and SHERI BATE** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KOCHAVA, INC.,<br><br>Defendant. | CASE NO: 22-CV-01327 BAS-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(A)(2) AS TO PLAINTIFF DAVID GREENLEY ONLY**<br><br>**DATE: JANUARY 22, 2024**<br><br>**\*\*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT\*\***<br><br>**[HON. CYNTHIA A. BASHANT]** |

## Introduction

Pursuant to Fed.R.Civ.P. 41(a)(2), Plaintiff, David Greenley, only, hereby moves for the Voluntary Dismissal of his claims in the above-entitled action against Defendant. Defendant opposes this Motion.[1]

## Legal Standard

A Plaintiff may seek voluntary dismissal of his claims only by order of the after a defendant has interposed an answer and that defendant refuses to stipulate to the voluntary dismissal by the plaintiff:

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41.

This Court recently addressed the dismissal standard under similar circumstances:

> Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).
>
> Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise. *Id.* Under Rule 41(a)(2), the Court must make three separate determinations: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)).

---

[1] Plaintiff sent Defendant a proposed joint motion to dismiss Mr. Greenley on November 27, 2023. Decl. Joshua B. Swigart, ¶ 3.

*Pelletier v. United States,* No. 20-CV-1805-GPC-DEB, 2021 WL 2895817, at *2 (S.D. Cal. July 9, 2021).

Moreover, Plaintiff Greenley takes no position whether this matter is dismissed with or without prejudice. He simply no longer wants to continue pursuing his claims as a named class representative.

> Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443. Factors that may be considered in determining whether a dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443-44 (internal quotation marks omitted).
>
> Here, since Defendants have not yet been served, the case is still in its initial stages and Defendants have not exerted extensive efforts or expenses in defending the case. Moreover, Plaintiff has been diligent in prosecuting the action as he sought entry of default and default judgment, although improperly, when he thought Defendants had failed to respond to his complaint. Finally, Plaintiff provides an explanation for his request for dismissal explaining that "[t]he issue of greatest concern in the Amended Complaint has been resolved" because he has now been assigned a newly appointed IRS agent who is more seasoned and recent documents show he may financially benefit from this audit. (Dkt. No. 35 at 4.) These factors do not demonstrate Defendants have been prejudiced or would be prejudiced if Plaintiff were to refile his action. Accordingly, the Court dismisses the FAC without prejudice.

*Pelletier* at *2. No doubt, this case is in its early stages. Plaintiff Greenley has discovery responses that are not yet due; there are two new named Plaintiffs that have just been added by stipulation; and, Defendant has only recently answered the SAC on November 16, 2023. In addition, Defendant has served identical discovery requests on the two new named Plaintiffs which are due before the hearing of this motion.

Similarly to *Pelletier*, absolutely no prejudice would be suffered by this Defendant if Plaintiff Greenley were dismissed from this lawsuit. There are now two other class representatives, Shahnaz Zarif and Sheri Bates, who have appeared at this

3

Court's ENE on November 6, 2023, and who fully participated in that good faith attempt to resolve this matter. *Dkt. No. 38.* In fact, Defendant stipulated to the addition of these two Plaintiffs well after the dispositive motions in this case had already been ruled upon and the pleadings were settled, and it has just filed its answer to the SAC on November 16, 2023. *Dkt. No. 40.*

Moreover, Plaintiff's counsel alerted the Court that Mr. Greenley no longer wished to be part of this lawsuit—even though he appeared for the ENE conference as ordered by the Court—who thereafter then excused Mr. Greenley for the need to participate in the ENE unless he choose to in light of the fact that Plaintiffs Zarif and Bates were on the Zoom call.[2]

This is relatively early in this litigation, procedurally and otherwise. Defendant has just answered the second amended complaint (SAC) even though it now refuses to stipulate to the voluntary dismissal of Mr. Greenley. Plaintiff's counsel met and conferred with counsel for Defendant requesting a joint motion dismissing Plaintiff Greenley. Decl. Joshua B. Swigart, ¶ 3. After consideration, Defendant offered to agree to the dismissal of Plaintiff Greenley only *after* his discovery responses were served and his deposition taken. Decl. Joshua B. Swigart, ¶ 5. As Plaintiff no longer wishes to serve as a class representative, that offer could not be accepted. Decl. Joshua B. Swigart, ¶ 5. This motion to dismiss follows.

Defendant has offered no good cause or offered any explanation for why it now objects to Mr. Greenley voluntarily dismissing his claims, even though this is precisely the result it sought in filing its two motions to dismiss. The only possible prejudice suffered by Greenley's withdrawal is to Plaintiffs. Plaintiffs' counsel was diligent in serving discovery on Defendant as soon as practicable under the rules. Defendant's discovery responses were due in advance of any responses due from any Plaintiff.

---

[2] Neither Defendant nor its counsel raised any objection to Hon. Magistrate Judge Goddard's excusing Mr. Greenley from further attendance or participation in the ENE.

Through the meet and confer process, Plaintiffs agreed that the discovery served on Defendant was served prior to the addition of the two additional class representatives. Decl. Joshua B. Swigart, ¶ 4. The discovery served was only served on behalf of Plaintiff Greenley. During the meet and confer process prior to this motion, Plaintiffs' counsel agreed to withdraw this set of discovery and re-serve it in the name of the two new (and remaining) class representatives, thus putting Plaintiff at a disadvantage with regard to the timing of discovery. This is the only possible prejudice in dismissing Mr. Greenley and it will be borne by Plaintiffs.

Plaintiff Greenley has shown good cause to have his claims voluntarily dismissed. He has indicated that for personal reasons unrelated to the merits of this litigation, he no longer wants to participate in it. Decl. Joshua B. Swigart, ¶¶ 3-6. Mr. Greenley has complied with all of the orders of this court and has fully participated in this case including the ENE, but now that two additional class Plaintiffs have been added to this litigation, he feels that his interest in continuing to pursue it on behalf of the class has ended. An order of dismissal by this Court is therefore appropriate under these circumstances pursuant to Fed.R.Civ.P. 41(a)(2).

## Conclusion

Defendant suffers no prejudice by the court dismissing Plaintiff Greenley's claims. Two additional, willing and able, class representatives are now named in this action. The same discovery served on Plaintiff Greenley has now been served on the new named class representatives, which is due shortly. For these and all of the forgoing reasons, Plaintiff Greenley respectfully asks this Court to dismiss his claims voluntarily.

Respectfully submitted,

Date: December 12, 2023

By: *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
**SWIGART LAW GROUP**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108

5
MTN TO DIS. PUR. TO FED.R.CIV.P. 41(A)(2) AS TO PLAINTIFF GREENLEY ONLY 22-CV-01327 BAS-AHG

Telephone: 866-219-3343
Facsimile: 866-219-8344
Josh@SwigartLawGroup.com

Peter F. Barry (*Admitted Pro Hac Vice*)
**THE BARRY LAW OFFICE, LTD**
333 Washington Ave No, Suite 300-9038
Minneapolis MN 55401-1353
Telephone: (612) 379-8800
pbarry@lawpoint.com

Daniel O. Herrera (*Admitted Pro Hac Vice*)
Nickolas J. Hagman (*Pro Hac Vice Pending*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

John J. Nelson (SBN 317598)
**Milberg Coleman Bryson Phillips Grossman**
280 South Beverly Drive
90212
Beverly Hills, CA 90212
619-209-6941
Email: jnelson@milberg.com

*Attorneys for Plaintiff
and the Proposed Class*