Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
SWIGART LAW GROUP, APC
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

*Attorneys for Plaintiffs David Greenley, Shahnaz Zarif, and Sheri Bate and The Putative Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID GREENLEY, SHAHNAZ ZARIF, and SHERI BATE** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KOCHAVA, INC.,<br><br>Defendant. | CASE NO: 22-CV-01327 BAS-AHG<br><br>**DECLARATION OF JOSHUA SWIGART IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(A)(2) AS TO PLAINTIFF DAVID GREENLEY ONLY**<br><br>**DATE: JANUARY 22, 2024**<br><br>**\*\*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT\*\***<br><br>**[HON. CYNTHIA A. BASHANT]** |

# DECLARATION OF JOSHUA SWIGART

I, Joshua Swigart, hereby declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am counsel of record for Plaintiff David Greenley ("Plaintiff") in this action. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify in court, I could and would competently do so.

2. I submit this Declaration in support of Plaintiff's Motion to Dismiss Pursuant to Fed.R.Civ.P. 41(a)(2) as to Plaintiff David Greenley, only.

3. Prior to the filing of this motion, I sent Defendant's counsel a proposed joint motion to dismiss Mr. Greenley on November 27, 2023, and thereafter I conferred by telephone with counsel for Defendant. During that telephone call a number of issues were discussed including Plaintiffs' intent to file this motion. I requested that Defendant join in a motion to grant Plaintiff Greenley's request to be voluntarily dismissed. Defense counsel inquired if the request for dismissal as to Greenley would be with prejudice. I had no objection to that request.

4. During this same call, I met and conferred as to Defendant's discovery responses. Prior to this call, a thirty-day extension had previously been requested and granted in which Defendant was to serve responses to Greenley's discovery requests. Defendant then served primarily objections and a request to meet and confer on the scope of any production. Not a single substantive response was provided, nor a single document. Despite this, I agreed that the discovery served was on behalf of Plaintiff Greenley, only, as the two additional class representatives were not formally added to the action at the time of service. I felt it unfair to press the discovery issues on requests served by only Mr. Greenley, and at the same time request that Greenley be dismissed from the action. I agreed that Greenley's discovery requests were withdrawn and that I would reserve the same set of discovery in the name of the new (and ultimately remaining) class representatives. This put Plaintiffs' case back at least

30-days, as it is anticipated the same boilerplate objections will be served and the meet and confer process will once again proceed.

5. On December 11, 2023, I received communications from counsel for Kochava taking the position that Defendant would only join in a request for dismissal of Plaintiff Greenley preconditioned upon him providing full responses to his written discovery that were served and only after his deposition was taken. Knowing Greenley's request for dismissal from this action, I could not agree to those conditions and caused to be served this motion.

6. I have conferred with Plaintiff Greenley on a number of occasions as to the status of this matter. Without going into detail and thereby violating any attorney/client communications and privileges, I can state that Greenley requests dismissal from this action for purely personal reasons and not related to the merits of the litigation. I feel that Greenley's request to be dismissed is not a result of any nefarious conduct or ill motivation toward Defendant.

7. Personally, I am sad to see Greenley exit this action as a class representative. He has served as a solid class representative, not only in this action, but in prior actions. Specifically, Greenley was approved as the lead class representative by Judge Hayes in *Greenley v. Mayflower Transit, LLC*, 21-cv-00339-WQH-MDD. In the *Mayflower* action, Plaintiff Greenley prosecuted the action up to class certification and only through his efforts to serve as a class representative was the matter settled as a class for $1,450,000 providing each claiming class member approximately $23,000 in recovery. Judge Hayes found Greenley an adequate class representative under F.R.C.P. 23 and awarded a class representative service fee for his participation. *Greenley v. Mayflower Transit, LLC*, 2022 WL 3161908 (S.D. Cal. 2022).

//
//
//
//

3
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 41(A)(2) AS TO PLAINTIFF DAVID GREENLEY ONLY
22-CV-01327 BAS-AHG

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 12, 2023, in San Diego, California.

/s/ *Joshua Swigart Esq.*
Joshua Swigart, Esq.