Craig J. Mariam  (SBN: 225280)
cmariam@grsm.com
Hazel Mae B. Pangan  (SBN: 272657)
hpangan@grsm.com
Elena A. Kuzminova ( SBN: 303838)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant
KOCHAVA INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY, SHAHNAZ ZARIF, and SHERI BATE, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KOCHAVA, INC., <br><br> Defendant. | CASE NO.  22-cv-01327 BAS-AHG <br><br> CLASS ACTION <br><br> **KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY** <br><br> **DATE:  JANUARY 22, 2024** <br><br> **HON. CYNTHIA A. BASHANT** <br><br> **\*\*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT\*\*** |

**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 1

    A. Greenley Filed Suit as the Sole Class Representative ........................... 1

    B. Kochava Is Entitled to Discovery from Greenley .................................. 2

    C. Greenley Seeks Dismissal to Delay the Case and Avoid Responding to Discovery ...................................................................... 3

III. LEGAL STANDARD ......................................................................................... 4

IV. ARGUMENT ...................................................................................................... 5

    A. The Motion Should be Denied ............................................................... 5

        1. Kochava Will be Prejudiced by Dismissal ................................... 5

        2. Greenley Brings the Motion in Bad Faith .................................... 8

    B. If the Court is Inclined to Grant the Motion, Kochava Requests that the Court Impose Conditions Pursuant to Rule 41(a)(2) ............... 9

        1. Dismissal Should be With Prejudice ........................................... 9

        2. Dismissal Should be Conditioned on Greenley's Participation in Discovery ..................................................... 10

V. CONCLUSION ................................................................................................ 12

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Apple Inc.*,
   No. 14-CV-01619-WHO, 2014 WL 4618411 (N.D. Cal. Sept. 15, 2014) .................................................................................................................. 8

*Bernacki v. Tanimura & Antle Fresh Foods, Inc.*,
   No. 5:13-CV-02140, 2014 WL 3090815 (N.D. Cal. July 3, 2014) ...................... 9

*Burnette v. Godshall*,
   828 F. Supp. 1439 (N.D. Cal. 1993) ............................................................... 5, 8

*Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*,
   No. 09-CV-02757-WYD-KMT, 2011 WL 5865059 (D. Colo. Nov. 22, 2011) ................................................................................................................ 11

*Columbia Cas. Co. v. Gordon Trucking, Inc.*,
   No. 09–cv–05441–LHK, 2010 WL 4591977 (N.D. Cal. Nov. 4, 2010) .................................................................................................................. 5

*Corbett v. Pharmacare U.S., Inc.*,
   No. 21CV137-GPC(AGS), 2022 WL 2835847 (S.D. Cal. July 20, 2022) ................................................................................................................ 10

*Dysthe v. Basic Rsch., L.L.C.*,
   273 F.R.D. 625 (C.D. Cal. 2011) .......................................................... 8, 10, 11

*In re Fedex Ground Package Sys., Inc., Emp. Pracs. Litig.*,
   No. 3:05MD527 RM, 2007 WL 733753 (N.D. Ind. Mar. 5, 2007) ................... 11

*Fraley v. Facebook, Inc.*,
   No. 11-CV-01726-LHK, 2012 WL 893152 (N.D. Cal. Mar. 13, 2012) ................................................................................................... 5, 8, 9, 10

*Gallegos v. Atria Mgmt. Co., LLC*,
   No. ED-CV-16-888-JGB(SPx), 2016 WL 11824850 (C.D. Cal. Nov. 14, 2016) ................................................................................................... 10

*Hamilton v. Firestone Tire & Rubber Co.*,
   679 F.2d 143 (9th Cir. 1982) ............................................................................. 4

*Opperman v. Path, Inc.*,
  No. 13-cv-00453-JST, 2015 WL 9311888 (N.D. Cal. Dec. 22,
  2015) ................................................................................................................. 11

*Roberts v. Electrolux Home Products, Inc.*
  (C.D. Cal., Aug. 14, 2013, No. SACV 12-1644 CAS) 2013 WL
  4239050 ............................................................................................................. 5, 6

*Sherman v. Yahoo! Inc.*,
  No. 13CV0041-GPC-WVG, 2015 WL 473270 (S.D. Cal. Feb. 5,
  2015) ................................................................................................................. 10

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
  889 F.2d 919 (9th Cir. 1989) ................................................................................ 4

*In re The Exxon Valdez*,
  102 F.3d 429 (9th Cir. 1996) .............................................................................. 10

*Westlands Water Dist. v. United States*,
  100 F.3d 94 (9th Cir. 1996) ............................................................................ 6, 10

*Williams v. Peralta Cmty. Coll. Dist.*,
  227 F.R.D. 538 (N.D. Cal. 2005) ......................................................................... 5

**Court Rules**

Fed. R. Civ. P. 33 ....................................................................................................... 2

Fed. R. Civ. P. 34 ....................................................................................................... 2

Fed. R. Civ. P. 41(a)(2) .............................................................................. 4, 5, 9, 10

Fed. R. Evid. 801 ....................................................................................................... 7

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Over a year into this case, *individual **and** class plaintiff* David Greenley ("Greenley") is seeking withdrawal in both capacities, but under the circumstances, the request for dismissal should be denied as unduly prejudicial to Kochava Inc. ("Kochava"). Respectfully, the Court should deny the motion because Greenley has provided no explanation for his request, and whether or not he continues as a named plaintiff, *he and the facts surrounding him* are plainly discoverable (as to class certification and dispositive motion concerns) given he remains essentially the only known putative class member other than those who wish to be representatives; the timing of the request indicates Greenley is seeking withdrawal to avoid responding to discovery; and the dismissal will unduly prejudice Kochava.

Kochava has affirmatively offered to stipulate to the dismissal in exchange for a stipulation that Greenley will respond to outstanding discovery and attend his deposition – *but he refused*. Thus, Kochava respectfully requests that Greenley be ordered to participate in discovery as a condition of his dismissal, including proper responses to Kochava's written discovery requests and appearance at a deposition – *after* which time dismissal may be appropriate.

## II. STATEMENT OF FACTS

### A. Greenley Filed Suit Individually and as the Sole Class Representative

Greenley filed this lawsuit on September 6, 2022, well over a year ago. He was the sole named plaintiff until he filed a Second Amended Complaint ("SAC") on November 3, 2023 – fourteen months later – naming Shahnaz Zarif and Sheri Bate as additional plaintiffs. ECF No. 36. This occurred without any prior notice, and only after Kochava had initially responded to Greenley's discovery. Prior to the SAC, the parties engaged in extensive motion practice related to Greenley's claims, engaged in required local and federal rule practice and procedure, and propounded discovery on each other. In response to such discovery, Kochava responded to Greenley's requests substantively, but Greenley generally refuses to

-1-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

participate (*e.g.,* his refusal to stipulate to sit for deposition in exchange for dismissal).

## B. Kochava Is Entitled to Discovery from Greenley

Kochava propounded its First Set of Interrogatories and Requests for Production on Greenley on October 17, 2023, comprised of a total of 77 requests (the "Discovery Requests"). Declaration of Elena A. Kuzminova ("Kuzminova Decl."), ¶ 2; Ex. 1. When Kochava served its Discovery Requests, Greenley was suing individually and as the sole named class representative. *See id.*, ECF Nos. 1 & 36. Greenley's responses were due 30 days after service, on November 16, 2023. *See* Fed. R. Civ. P. 33 & 34.

Kochava's Discovery Requests are specifically tailored to obtain information that is known to Greenley, or is otherwise in Greenley's exclusive possession, custody, or control. Kuzminova Decl., ¶ 3. This includes discovery related to mobile devices and applications used by Greenley; discovery related to Greenley's data (e.g. how it was protected, how it was allegedly used, whether such use was authorized, and the alleged value of such data); Greenley's alleged injuries and steps taken to mitigate such alleged injuries; contracts, terms of use, or privacy policies viewed or agreed to by Greenley; communications between Greenley and others related to his claims; steps taken by Greenley to investigate his claims; and, discovery related to the putative class and Greenley's suitability as a class representative. *See id.*, ¶ 3; Ex. 1. *All of this* is critically important to Kochava's defense – whether Greenley is a named party or not – and Kochava, after responding to all of Greenley's discovery and having expended costs and expense in responding to his pleadings – should not have to hunt him down as a third party to this case to obtain critical discovery as to its defense. Such an outcome would be patently unfair, particularly given Greenley has made clear he will attempt to evade discovery at all costs.

/ / /

### C. Greenley Seeks Dismissal to Delay the Case and Avoid Responding to Discovery

On November 20, 2023, Kochava timely served its responses to Greenley's Requests for Production. Kuzminova Decl., ¶ 4.

On November 27, 2023 – eleven days past Greenley's deadline to respond to Kochava's Discovery Requests and having already received Kochava's responses to Greenley's Requests for Production – Greenley's counsel emailed Kochava's counsel a joint motion to dismiss Greenley. Kuzminova Decl., ¶ 5 & Ex. 2. The November 27 email was the first time that Greenley's counsel approached Kochava regarding Greenley's dismissal. *Id*. at Ex. 2. The email did not explain the grounds for the request and merely asked whether the proposed joint motion "is acceptable to file." *Id.* at Ex. 2.

On December 5, 2023, the parties conferred regarding Greenley's motion to dismiss. *Id*., ¶ 6. Plaintiffs' counsel neither provided an explanation for the requested dismissal, nor explained the timing of the dismissal, other than Greenley's supposed (but unidentified) "personal reasons." *Id*. In addition, the parties also conferred regarding Greenley's late responses to Kochava's Discovery Requests. *Id*, ¶ 7. Upon Plaintiffs' counsel's request, and as a professional courtesy, Kochava agreed to extend the deadline for Greenley to respond to Kochava's Discovery Requests, to December 14, 2023. *Id*.

In a follow-up email on December 11, 2023, Kochava's counsel informed Plaintiffs' counsel that Kochava would agree to Greenley's dismissal with prejudice, provided he agrees to respond to the outstanding Discovery Requests and appear for a deposition (with counsel accepting service of such deposition notice), explaining that Greenley was still required to engage in discovery prior to any ruling on his motion for dismissal, and may still be required to participate as an absent class member even in the event the motion is granted (and providing supporting authorities for this position). *Id*., ¶ 8; Ex. 3. ***Plaintiffs rejected***

-3-
KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY

*Kochava's proposal without any explanation and filed the instant motion the following day.* *Id.*, ¶ 8.

On December 14, 2023, Greenley provided boilerplate objections to the Discovery Requests, without verifications. *Id.*, ¶ 9; Ex. 4. No substantive responses were provided. *Id.* Specifically, the same objections have been copied and pasted in response to each Discovery Request, including an objection based on Greenley's request for voluntary dismissal (essentially stating that Greenley will not respond because he wishes to be dismissed from the case – despite the fact that he has not yet *been* dismissed from the case and therefore remains subject to discovery, as discussed *infra* at Section IV.A.2). *Id.*

In the meantime, discovery and the progress of this case generally have been delayed – Kochava has received no substantive responses to *any* of the discovery it propounded to Greenley over two months ago.[1]

## III.  LEGAL STANDARD

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice *so long as the defendant will not be prejudiced or unfairly affected by dismissal*." *Stevedoring*

---

[1] On December 1, 2023, Kochava served its First Set of Interrogatories and Requests for Production on newly named Plaintiffs Shahnaz Zarif and Sheri Bate. Kuzminova Decl., ¶ 10. On December 28, 2023, Plaintiffs Zarif and Bate served their responses to Kochava's Discovery Requests. *Id.* & Ex. 5. Plaintiffs Zarif and Bate failed to provide substantive responses to many requests. *Id.* Kochava's counsel intends to initiate a conferral with Plaintiffs' counsel regarding these deficient responses. *Id.* Regardless, even if Plaintiffs Zarif and Bate provide substantive responses to the Discovery Requests, it will not resolve Greenley's outstanding discovery requests that were propounded to – and are specific to – Greenley.

-4-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

*Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (emphasis added)(citations omitted).

When evaluating a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and, (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Where, as here, the requested dismissal will not dispose of the entire case, the Court must also consider the effect of the dismissal on other parties to the litigation. *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012); *Columbia Cas. Co. v. Gordon Trucking, Inc.*, No. 09–cv–05441–LHK, 2010 WL 4591977, at *3 (N.D. Cal. Nov. 4, 2010). The Court should also "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993) (citation omitted).

## IV.   ARGUMENT

### A.   The Motion Should be Conditionally Denied

When considering whether to permit a named plaintiff to withdraw from class actions, courts *do not* generally permit withdrawal where "the request is made in bad faith or granting the request would result in undue prejudice to the defendant." *Roberts v. Electrolux Home Products, Inc.* (C.D. Cal., Aug. 14, 2013, No. SACV 12-1644 CAS) 2013 WL 4239050, at *2. Until Greenley responds to outstanding discovery, and sits for his deposition, his withdrawal would result in undue prejudice to Kochava.

#### 1.   Kochava Will be Prejudiced by Immediate Dismissal

Greenley's sole basis for his request for dismissal (which fully avoids the fact he filed in his individual capacity, as well) is that he "simply no longer wants to continue pursuing his claims as a named class representative." Mtn. at 3. In

-5-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

considering whether withdrawal would lead to undue prejudice, the following factors are relevant: "(1) whether the defendants have expended efforts or made preparations that would be undermined by granting withdrawal, (2) the plaintiff's delay in prosecuting the action, (3) the adequacy of the plaintiff's explanation for why withdrawal is necessary, and (4) the stage of the litigation at the time the request is made." *Roberts v. Electrolux Home Products, Inc.* (C.D. Cal., Aug. 14, 2013, No. SACV 12-1644 CAS) 2013 WL 4239050, at *2. Greenley does not currently satisfy these factors.

First, the dismissal request should be conditionally denied because both parties have participated in this case for fourteen months, with only Kochava having properly responded to discovery, while Greenley has not provided any meaningful discovery responses, individually or on a class basis, *and his responses and deposition testimony is critical to the defense arguments on both class certification and dispositive motion*.

Interference with discovery constitutes legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("In this circuit, we have stated that a district court properly identified legal prejudice when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery"). Plaintiffs themselves *concede* that interference with discovery constitutes prejudice (*see* Mtn. at 4:22-5:8 [claiming Plaintiffs will bear the "prejudice" of being put "at a disadvantage with regard to the timing of discovery"]).[2]

Prejudice to Kochava results not only from delay and increased costs associated with seeking duplicative discovery from other named plaintiffs, but the fact that Kochava may be prevented from seeking *any* discovery from Greenley,

---

[2] Plaintiffs erroneously argue that such prejudice will only be suffered by them, but the motion itself contradicts any such argument by admitting Greenley is refusing to respond to outstanding discovery. *See* Mtn. at 4:17-18.

-6-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

1 including the Discovery Requests that are specific to him. In addition, Kochava has already responded to Greenley's Requests for Production that were tailored specifically to Greenley (and not the class, generally). Kuzminova Decl. at ¶ 4. Greenley claims that he intended to seek dismissal as of the November 6, 2023 ENE Conference (Mtn. at 4), yet Greenley failed to withdraw his discovery requests to Kochava or otherwise advise Kochava before the November 20, 2023 response deadline that the motion to dismiss was forthcoming.

Second, Greenley fails to provide *any explanation whatsoever* for his requested withdrawal. Greenley provides no declaration in support of his motion, and seemingly forgets he sued individually as well as a class representative. Greenley's counsel has submitted a declaration that is not only inadmissible hearsay (*see* Fed. R. Evid. 801) but, by his own admission, lacks sufficient personal knowledge or detail for the Court to grant the motion. *See, e.g.*, Swigart Declaration at ¶ 6 (noting that he is not "going into detail" with respect to Greenley's reasons for dismissal); *id.* (testifying only that he "**feel[s]**" Greenley's request is not the result of any "nefarious conduct or ill motivation toward Defendant"). Moreover, *no actual explanation is given* (hearsay or otherwise) for the request – other than the vague and wholly insufficient "personal reasons" proffered in the parties' prior meet-and-confer call.

Under the circumstances, Greenley has failed to provide an adequate explanation for his request. *Roberts,* 2013 WL 4239050.

The bottom line is that Kochava does not object to his dismissal after such time as he fully responds to outstanding discovery and sits for his deposition, so that Kochava is not more prejudiced in having to hunt down (likely, without success) a third party who has already availed himself to this Court's resources, having commenced this litigation on his own behalf.

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

### 2. Greenley Must Participate Meaningfully in Discovery Prior to Dismissal

Until Greenley is actually dismissed from this case, he is unquestionably still required to respond to and participate in discovery, and the case generally. *See Roberts*, 2013 WL 4239050, at *3 ("until a named plaintiff's motion to withdraw is granted, he or she remains a party to the case. . . a named plaintiff cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw."); *Fraley*, 2012 WL 555071, at *2 (finding Fraley remained a named plaintiff subject to discovery until the court ruled on the motion for dismissal); *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 628 (C.D. Cal. 2011) (same).

Greenley sought and obtained discovery responses from Kochava, and it appears he is now using this motion to avoid responding to Kochava's Discovery Requests. Absent Greenley's discovery responses, Kochava does not even have proof that Greenley actually exists, but the more significant point is that his testimony is critical to Kochava's defense in that he is (or will be) the only known "putative" class member once dismissed, and Kochava must have his testimony in that regard and as to the facts allegedly underlying his purported injuries.

Also, if Greenley filed this action knowing he had no standing but with the intent to obtain discovery from Kochava and then to withdraw from the case after new class representatives were identified, that constitutes an abuse of the class action procedure. *See, e.g.*, *Adkins v. Apple Inc.*, No. 14-CV-01619-WHO, 2014 WL 4618411, at *5 (N.D. Cal. Sept. 15, 2014) (it is "an abuse of discretion to allow precertification discovery to identify class members where the named plaintiff lacked injury and was not part of the class").

Moreover, Greenley now seeks to withdraw from the action that he initiated and pursued for over a year as a sole class representative, yet he has already ceased participating in the case in any meaningful way – despite the fact that he remains a plaintiff until the Court rules on his motion. That is, Greenley admittedly refused

-8-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

to participate in this Court's ENE Conference on November 6, 2023 (Mtn. at 4); Greenley is refusing to respond to outstanding discovery or submit to a deposition (Kuzminova Decl. at ¶ 8); and, Greenley did not even submit a declaration in support of the present motion. These facts point to a strong showing of bad faith on behalf of Greenley.

### B. If the Court is Inclined to Grant the Motion, Kochava Requests that the Court Impose Conditions Pursuant to Rule 41(a)(2)

If the Court is not inclined to deny the motion, it may add appropriate terms and conditions to the dismissal. Fed. R. Civ. P. 41(a)(2). Kochava respectfully requests that Greenley's dismissal be with prejudice and that Greenley be ordered to further participate in discovery as a condition of dismissal.

#### 1. Dismissal Should be With Prejudice

In determining whether dismissal should be with or without prejudice, courts typically consider: (1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss. *Fraley*, 2012 WL 893152, at *3 (citing *Burnette*, 828 F. Supp. at 1443–44). Dismissal with prejudice is warranted "when it would be inequitable to allow the plaintiff to refile the action." *Bernacki v. Tanimura & Antle Fresh Foods, Inc.*, No. 5:13-CV-02140, 2014 WL 3090815, at *4 (N.D. Cal. July 3, 2014).

As discussed above, Kochava has expended significant effort in this case over the last year. Moreover, Greenley has failed to provide any explanation for his fourteen month delay – or indeed any explanation at all – for seeking dismissal. These factors all weigh in favor of dismissal with prejudice. Notably, Plaintiffs do not specifically oppose dismissal with prejudice. (*See* Mtn. at 3:3-4.)

///

### 2. Dismissal Should be Conditioned on Greenley's Participation in Certain Discovery

The inability to conduct sufficient discovery for a defense can amount to legal prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). As a result, a court may "condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015).

Indeed, courts frequently order plaintiffs seeking dismissal to participate in further discovery as a condition of dismissal, in circumstances such as the present action. *See, e.g.*, *In re The Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (upholding a condition that the plaintiff respond to discovery requests when the information sought could be useful to the defendants); *Dysthe,* 273 F.R.D. at 629–30 (holding that the named plaintiff in a class action was subject to deposition despite the fact that he had a pending motion to be dismissed from the action because his anticipated testimony was relevant to class certification issues as well as the merits); *Corbett v. Pharmacare U.S., Inc.*, No. 21CV137-GPC(AGS), 2022 WL 2835847, at *7 (S.D. Cal. July 20, 2022) (conditioning dismissal on responses to discovery); *Fraley*, 2012 WL 555071, at *3 (the fact that other named plaintiffs remained in the case did not render outgoing plaintiff's testimony any less relevant; if anything, fact that plaintiff may soon be dismissed made discovery even more relevant); *see also Gallegos v. Atria Mgmt. Co., LLC*, No. ED-CV-16-888-JGB(SPx), 2016 WL 11824850, at *9 (C.D. Cal. Nov. 14, 2016) ("A named plaintiff simply cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw").

Greenley's discovery responses and deposition testimony will likely reveal information relevant to class certification, which courts routinely find supports dismissal conditioned on discovery participation. *See, e.g.*, *Dysthe,* 273 F.R.D. at 629–30 (ordering named class plaintiff's deposition "relevant to class certification

-10-

**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

issues" despite motion for dismissal with prejudice); *see also Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) (conditioning dismissal on answering discovery "relevant to class certification issues").

Greenley identified himself as a percipient witness and injected himself into the litigation by initiating the lawsuit, and the Discovery Requests were propounded before he indicated his intent to withdraw from the case. The Discovery Requests are indisputably relevant both to class certification issues and the merits of the case generally. Kochava should also be permitted to depose Greenley before the class certification issues are before the Court. Like the plaintiff in *Dysthe*, even if Greenley is dismissed, his testimony regarding his experience as a consumer is highly likely to be relevant to class certification issues, and he has a unique status in the litigation as he has been a named plaintiff since the filing of the original complaint (the only such individual). 273 F.R.D. at 629. This is sufficient grounds for the Court to order his deposition. *Id.*; *see also Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-CV-02757-WYD-KMT, 2011 WL 5865059, at *2 (D. Colo. Nov. 22, 2011) (holding that there were sufficient grounds to support the outgoing plaintiff sitting for a deposition where, "as was true of Plaintiff Hall in the *Dysthe* case," he had "a unique status in the litigation which provides a sufficient ground to justify his deposition even if, at some later date, he will no longer be a named plaintiff," in circumstances where he had "been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and during the litigation of several dispositive motions utilizing his allegations, and he only decided to withdraw from the litigation a few days before Plaintiffs filed their motion for class certification"); *In re Fedex Ground Package Sys., Inc., Emp. Pracs. Litig.*, No. 3:05MD527 RM, 2007 WL 733753, at *9 (N.D. Ind. Mar. 5, 2007) ("Seeking the deposition of one absent class member, who may not even be a class member, from potentially

-11-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**

1  thousands hardly constitutes harassment") (granting motion to compel deposition
2  of individual that had previously been a named plaintiff).

## V. CONCLUSION

For the reasons set forth above, Kochava respectfully requests that this Court conditionally deny Plaintiffs' motion to dismiss. In the event the Court is inclined to grant the motion, Kochava respectfully requests that dismissal be with prejudice, and conditioned on Greenley's meaningful and verified responses to outstanding discovery, and that he sit for his deposition.

Respectfully submitted,

Dated:  January 8, 2024

**GORDON REES SCULLY MANSUKHANI, LLP**

By:  */s/ Craig J. Mariam*
　　　Craig J. Mariam
　　　Hazel Mae B. Pangan
　　　Elena A. Kuzminova
　　　Attorneys for KOCHAVA INC.

-12-
**KOCHAVA INC.'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF DAVID GREENLEY**