UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY,<br><br>         Plaintiff,<br><br> v.<br><br>KOCHAVA, INC.,<br><br>         Defendant. | Case No. 22-cv-1327-BAS-AHG<br><br>**ORDER GRANTING PLAINTIFF DAVID GREENLEY'S MOTION TO DISMISS HIS INDIVIDUAL AND CLASS CLAIMS (ECF No. 41)** |

  Pending before the Court is a motion by Plaintiff David Greenley seeking to voluntarily dismiss his individual claims and class claims against Defendant Kochava Inc. under Federal Rule of Civil Procedure 41(a)(2).  (ECF No. 41.)  As a result of this dismissal, Greenley seeks to voluntarily step down as class representative. (*Id.*) Defendant opposes this motion because Greenley has not responded to Defendant's outstanding discovery requests.  (ECF No. 48.)  Because Defendant will not suffer legal prejudice as a result of his dismissal, the Court **GRANTS** Greenley's motion.  (ECF No. 41.)  His claims are dismissed with prejudice and without the imposition of any conditions.

**Legal Standard**

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of individuals' actions against Defendants. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005) (discussing the difference between Rules 41(a) and 15(a) where 41(a) governs when the withdrawing class representative seeks to dismiss all his claims against Defendants). Under Rule 41(a), after an opposing party files an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2).

Under Rule 41(a)(2), the court "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralty Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). In assessing whether to grant voluntary dismissal, the court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Examples of legal prejudice include loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice "does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

As a default rule, courts dismiss parties' claims under Rule 41(a)(2) without prejudice, but the court has broad discretion to determine whether a claims should be dismissed with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

**Analysis**

The Court first assesses whether Greenley's voluntary withdrawal is permitted under Rule 41(a)(2). Defendant claims it will be prejudiced by Greenley's withdrawal because it has not obtained responses to its discovery requests from him and because he does not offer a reason for his withdrawal. (ECF No. 48 at 6–7.) Plaintiff argues Defendant has not

suffered any legal prejudice and submits a declaration from Greenley describing his medical conditions that affect his continued participation in the matter. (ECF No. 51.)

In general, a plaintiff "should not be compelled to litigate if [he] doesn't wish to." *Solano v. Kroger Co.*, No. 18-cv-01488-AR, 2022 WL 3143352, at *4 (D. Or. May 3, 2022) (quoting *In re Tezos Sec. Litig.*, No. 17-cv-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019)). *See also Roberts v. Electrolux Home Prods., Inc.*, No. SACV 12-1644 CAS (VBKx), 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013). The Court does not find a reason to deviate from this general rule. First, it does not appear that Greenley is withdrawing to avoid his discovery obligations. He submits a declaration describing his medical ailments and how they would affect his obligations to the case. Second, while Defendant would not obtain discovery information from Greenley, other class representatives with similarly situated information relevant to class certification are available to Defendant. *See, e.g.*, *Solano*, 2022 WL 3143352, at *5; *Young v. LG Chem Ltd.*, No. 13-md-02420-YGR (DMR), 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015). Defendant thus will not suffer any legal prejudice if Greenley is dismissed. Accordingly, Greenley should be allowed to dismiss his claims.

The Court next assesses whether Greenley's withdrawal should be made with or without prejudice. Factors relevant in determining whether the dismissal should be with or without prejudice include: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993). While Greenley provides a reasonable explanation for why his request should be dismissed, he also states in his declaration he submits to his claims being dismissed with prejudice. (ECF No. 51 at 2.) Because Greenley did not initially provide a reason for not responding to Defendant's discovery requests and because he agrees to a dismissal with prejudice, the Court dismisses Greenley with prejudice as to both his individual claims and class claims.

The Court finally assesses whether any conditions should be placed on Greenley's withdrawal. "A court may, but need not, condition a Rule 41(a)(2) dismissal on a plaintiff's deposition or production of discovery." *Sherman v. Yahoo! Inc.*, No. 13CV0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015). Defendant requests the Court impose two conditions on Greenley's withdrawal: Greenley must respond to Defendant's discovery requests and participate in a deposition. (ECF No. 48 at 15.) Defendant claims this discovery will likely reveal information relevant to class certification. (*Id.*)

The Court declines to impose any conditions on Greenley's withdrawal. First, two other class representatives are available for deposition and have submitted discovery responses. (ECF No. 51 at 8.) Given the possible class size of millions of consumers, it is unlikely Greenley's discovery responses will be dispositive of class issues. Second, Greenley sought to withdraw as class representative only three days after Plaintiff served its Second Amended Complaint on Defendant. (*Id.*) Defendant does not appear to have incurred significant expenses as a result of this window. Accordingly, conditions on Greenley's withdrawal are not necessary here.

**Conclusion**

The Court **GRANTS** Greenley's motion. Greenley's individual and class claims are dismissed with prejudice. The Court declines to impose any conditions on Greenley's withdrawal as class representative.

    **IT IS SO ORDERED.**

**DATED: February 5, 2024**

Hon. Cynthia Bashant
United States District Judge