UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENLEY,<br><br>                    Plaintiff,<br><br>   v.<br><br>KOCHAVA, INC.,<br><br>                   Defendants. | Case No. 22-cv-1327-BAS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO TEMPORARILY STAY THE PROCEEDINGS**<br><br>**(ECF No. 65)** |

      Pending before the Court is the parties' joint motion to temporarily stay the proceedings in light of impending mediation. (ECF No. 65.) On March 14, 2024, the Court set an updated scheduling order for this matter. (ECF No. 58.) Under the scheduling order, motions to amend the pleadings are due on or before April 12, 2024; fact and class discovery must be completed on or before July 1, 2024; and motions for class certification must be filed on or before August 9, 2024. (*Id.*) The parties jointly move for a six month stay in the proceedings with respect to these deadlines. (ECF No. 65.)

      The parties aver that they have scheduled an in-person mediation for June 3, 2024 and that an extension will aid in facilitating a meaningful settlement because the ongoing costs of litigation will reduce whatever settlement amount may be available to the parties.

(*Id.*)  The parties note they will cancel the upcoming mediation if the Court does not grant a stay in the proceedings.  (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.' The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (alteration in original) (citations omitted) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).

Having read and considered the moving papers, the parties have satisfied their burden of demonstrating the circumstances justify a stay in the proceedings.  The Court does not reach this conclusion lightly.  While the scheduled mediation presents a justification for a stay, the parties should be mindful of the cost of future extensions to the parties and to the Court's time.

Finding good cause, the Court **GRANTS** the parties' Joint Motion.  The parties shall have leave to file motions to amend the pleadings on or before **October 11, 2024**.  Class discovery is to be completed by **January 10, 2025**.  Plaintiff must file a motion for class certification by **February 14, 2025**.  Additionally, the parties are **ORDERED** to file a joint status report notifying the Court of the status of the case following mediation no later than **June 17, 2024**.

**IT IS SO ORDERED.**

**DATED: April 8, 2024**

Hon. Cynthia Bashant
United States District Judge